LAIRD *v.* RINCKEY.

1. CONSTITUTIONAL LAW—DUE PROCESS—NOTICE.

Due process of law requires notice so that an opportunity is afforded to attend and present a claim or defense.

2. SAME—DUE PROCESS—NOTICE OF HEARING.

A decree taken on defendants' cross-bill for foreclosure of land contract and an injunction against trespass and dismissal with prejudice of plaintiffs' bill for specific performance of the land contract constituted a denial of due process, where plaintiffs' then attorney had withdrawn from the case, defendants' attorney secured an adjournment of the hearing, plaintiffs had no actual notice of the hearing, and were not present when the adjourned hearing was held.

Appeal from Missaukee; Peterson (William R.), J. Submitted April 4, 1963. (Calendar No. 35, Docket No. 49,425.) Decided September 4, 1963.

Bill by Thomas Laird and Mary Laird against Jason Rinckey and Mildred Rinckey for specific performance of oral agreement to sell real property. Cross-bill asking foreclosure and other relief. Decree for defendants on cross-bill. Plaintiffs appeal. Reversed and remanded.

*Roger A. Needham,* for plaintiffs.

*Richard M. Brewer,* for defendants.

O'HARA, J. Plaintiffs-appellants filed a bill in equity to require specific performance of an oral

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 12 Am Jur, Constitutional Law § 594 *et seq.*

agreement to sell and convey for $100 one acre of land out of a larger parcel which defendants were purchasing on land contract. They ask for a decree ordering the execution and delivery of a warranty deed to the 1 acre, and other relief.

Defendants in their answer set up certain "affirmative defenses," alleging unfulfilled conditions in the agreement, among them the lack of payment of some $10 on the agreed purchase price, and seek equity's aid in obtaining payment of a grocery bill that seems to have some tenuous relationship to the claimed agreement. Although in their affirmative defenses they declare that they have offered and still offer to go ahead on certain conditions, if plaintiffs prepare a quitclaim deed that would include a restriction against storing junk on the involved acre, they file a cross-bill asking foreclosure and an injunction against trespass.

We are not certain that we completely apprehend what issues were joined by the pleadings; our record does not contain a pretrial statement. Plaintiffs did not appear on hearing and a decree was taken on the cross-bill, plaintiffs' bill being dismissed with prejudice. Plaintiffs' original counsel by the time of the hearing, had withdrawn from the case because, we are told, "a settlement agreement had fallen through."

On appeal, plaintiffs-appellants assert 3 grounds of abuse of discretion by the chancellor in foreclosing their rights under a land contract, and they complain that they were deprived of due process of law because the case was decided after a hearing at which they were not present, and of which they had no notice. The due process question is determinative.

The statement of facts of the appellants, accepted by appellees, recites:

"Appellants retained Robert S. Brooks of Lansing, to represent them. Mr. Brooks did not enter an appearance as attorney for appellants. Since Mr. Brooks had not entered an appearance, appellee's attorney notified appellants that the trial was scheduled for February 14, 1961. *This trial date was postponed, and no further notice was given appellants of any new trial date.* It appears that notice may have been given their then attorney, Mr. Brooks, who was not attorney of record. *Appellants had no actual notice of the trial.* \* \* \* Trial was thus set for April 21, 1961, and appellants naturally did not appear at the trial." (Emphasis supplied.)

We are sympathetic to a degree with the plight of counsel who succeed to professional responsibilities with incomplete files and records. However, we cannot disregard what must on appellate review be accepted by us—an agreed statement of facts. Appellee accepted the following statement:

"Appellants had no actual notice of the trial. Trial was thus set for April 21, 1961, and appellants naturally did not appear at the trial."

It is hardly necessary to buttress with citations the settled rule of law that due process requires notice so that opportunity is afforded to attend and present a claim or defense. Since the accepted statement of facts clearly concedes that such notice was not afforded, it follows that due process was denied.

The decree is vacated and the cause remanded for hearing with, we suggest, proper pretrial proceedings.

Costs to the appellants.

Carr, C. J., and Dethmers, Kelly, Black, Kavanagh, Souris, and Smith, JJ., concurred.