LAWRENCE v DEPARTMENT OF CORRECTIONS

1. Constitutional Law—Due Process—Notice of Proceeding—Opportunity to Respond.

Due process of law requires that notice of a proceeding must be given to an opposing party sufficiently in advance of the scheduled proceeding to afford the opposing party a reasonable opportunity to prepare and answer.

2. Constitutional Law—Due Process—Notice of Proceeding—Opportunity to Respond.

A plaintiff was denied due process where the defendant moved for summary judgment and did not timely serve the plaintiff with a notice of the hearing on the motion, where because the plaintiff, a prison inmate, was incarcerated the court had already denied him the opportunity to argue on a previous motion in person so that the only way the plaintiff could appear was by way of written material sent through the mail, and where the record indicates that the plaintiff did not actually receive notice of the scheduled hearing on the motion until after the hearing was held and the motion granted.

3. Motions—Oral Arguments—Court Rules—Discretion.

A trial court has the discretion to dispense with or limit oral arguments on motions; this discretion was abused where the court refused a plaintiff's request to appear in person yet allowed the defendant to appear and argue a motion unopposed (GCR 1963, 119.2).

4. Torts—Pleading—Conversion—Governmental Immunity—Statutes.

An allegation by a plaintiff prison inmate that his property was stolen by prison employees is an allegation of conversion, which is an intentional tort; the commission of an intentional tort is not a governmental function, and in such a case the defendant Department of Corrections if possibly liable under a theory of

References for Points in Headnotes
[1, 2] 16 Am Jur 2d, Constitutional Law §§ 560–568.
[3] 20 Am Jur 2d, Courts §§ 82–86.
[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability, § 243.

*respondeat superior* is not protected by governmental immunity (MCLA 691.1407; MSA 3.996[107]).

Appeal from Court of Claims, Kenneth B. Glaser, Jr., J. Submitted October 6, 1977, at Detroit. (Docket No. 77-1066.) Decided February 7, 1978.

Complaint in four counts by James Lawrence against the Department of Corrections for recovery of the value of personal property allegedly stolen by employees of Southern Michigan State Prison while plaintiff was an inmate at the prison. Accelerated and summary judgments for defendant. Plaintiff appeals. Remanded for further proceedings.

James Lawrence, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Michael J. Hodge,* Assistant Attorney General, for defendant.

Before: D. F. WALSH, P. J., and V. J. BRENNAN and BEASLEY, JJ.

V. J. BRENNAN, J. Plaintiff James Lawrence appeals by right from a Court of Claims grant of accelerated judgment, pursuant to GCR 1963, 116.1(5) on counts 1 and 2 of his complaint, and summary judgment, pursuant to GCR 1963, 117.2(1) on counts 3 and 4. Plaintiff, an inmate at Jackson Prison, sought to recover $130.95 for the loss of personal property allegedly taken by prison employees.

Plaintiff claimed that on August 3, 1976, he was placed in a detention cell for an alleged violation of prison rules. At that time, he had a quantity of personal property in his cell. Between August 3

and August 12, 1976, defendant Department of Corrections moved this property to the prison property room. When his property was returned after his release from detention, several items were missing.

Count 1 of plaintiff's complaint alleges negligence in that prison officials when they placed him in detention had a duty to exercise reasonable care to see that his property was not lost, stolen or destroyed and that they breached that duty causing him loss. Count 2 alleged under the same facts that the property had been converted. Counts 3 and 4 pled in summary fashion that his property was taken in violation of due process and was a public taking without just compensation.

The Attorney General on behalf of defendant filed a motion for accelerated judgment claiming the operation of a prison is a state function and therefore defendant was immune under the statute. MCLA 691.1407; MSA 3.996(107). This motion was filed on January 3, 1977.

Plaintiff responded to that motion on January 10, 1977. He reasoned that governmental immunity would not apply to his complaint because he alleged his property had been unconstitutionally taken. He also observed that governmental immunity applied wholly to tort claims and that the last two counts in his complaint were not based on tort law.

The Attorney General then moved for summary judgment on March 10, 1977. In support of the motion, the Attorney General argued that due process was not denied because no need for a hearing existed before a prisoner's property could be removed from his cell after the prisoner had been placed in detention. He further alleged that no "taking" within the meaning of the constitution

occurred because the constitutional provision does not apply to the theft of personal property.

The motion for summary judgment was mailed to plaintiff on Thursday, March 10, 1977. The Court of Claims granted the motion on Tuesday, March 15, 1977. The court had previously denied plaintiff's application for a writ of habeas corpus, so plaintiff was not represented or present to respond in person to defendant's motion. He claims now he did not even receive a copy of the motion until after the court had granted the motion.

The orders from the Court of Claims pursuant to granting the motion state only that counts 1 and 2 are barred by governmental immunity and that counts 3 and 4 fail to state a claim upon which relief can be granted. GCR 1963, 117.2(1).

Plaintiff brings three assignments of error on appeal. We need deal with only one at this time.

Plaintiff claims that the procedure by which the Court of Claims granted summary judgment denied him due process of law because he failed to receive adequate notice and an opportunity to appear and present his defense to the motion for summary judgment brought by defendant.

Plaintiff contends the Court of Claims procedure denied him procedural due process in two particulars. First, plaintiff claims he received no notice that the Attorney General had filed a motion for summary judgment on counts 3 and 4 of this complaint until after the motion had been granted by the court. Second, he claims that allowing the Attorney General to present oral arguments on the motion while denying him a similar opportunity is fundamentally unfair.

On the basis of the record presented, we find that notice of the motion for summary judgment

was not mailed to plaintiff until Thursday, March 10, 1977. The motion was granted on Tuesday, March 15, 1977. Plaintiff claims that he did not receive actual notice the motion had been filed until after the motion was granted. We have no reason to doubt this claim, given the quality of mail service generally and within a prison particularly. Clearly, the motion was not timely served even under the court rule. GCR 1963, 108.4 generally allows notice of a motion 4 days before the motion is heard; but where the mailing must be delivered to another county, an additional 2 days are required, not including the day of mailing. GCR 1963, 108.6 and 108.7(1). But see also Court of Claims Rules 6 and 7.[1]

Plaintiff was denied due process. Underlying the claim made here is the principle that notice must be given sufficiently in advance of the scheduled proceeding to afford the party a reasonable opportunity to prepare and answer. *People v Gulley,* 66 Mich App 112, 116; 238 NW2d 421 (1975), *lv den,* 396 Mich 850 (1976). See also *Laird v Rinckey,* 371 Mich 96, 98; 123 NW2d 243 (1963); *Ridenour v Bay County,* 366 Mich 225, 240; 114 NW2d 172 (1962).

Because plaintiff was incarcerated, the Court of Claims had already denied him the opportunity to argue the motion for accelerated judgment in person. The only way plaintiff could appear was through written material he sent through the mail. Plaintiff had no way of responding to the motion through the mail when defendant had not mailed the motion to him until five days before the actual hearing. The procedure employed by the

---

[1] We find that Rule 7 of the Court of Claims was violated in this case where plaintiff received no notice of the motion hearing before the court acted. We would require receipt of the motion by personal or registered mail service four days or more prior to the time for hearing to constitute proper compliance with the rule.

Attorney General and accepted by the Court of Claims prevents plaintiff from properly and fairly responding to the motion. The court granted the motion without ever hearing opposing argument.

We thus find plaintiff was denied due process by a procedure which effectively excluded any opportunity for him to be heard. Therefore, we find a remand necessary in order to allow plaintiff to properly respond to the motion for summary judgment filed by the Attorney General. Though lacking clarity, we do observe that plaintiff did a creditable job of "filling out" the complaint in his brief in response to the governmental immunity motion filed by the Attorney General. If given the opportunity, he might well do the same on the questions presented by the Attorney General in his motion for summary judgment. We feel fairness and proper procedure dictate that plaintiff be given the opportunity.

Plaintiff also claims he was denied due process when the court allowed the Attorney General to present oral argument while at the same time preventing him from being present. We find this procedure objectionable, but need not subject the problem to constitutional scrutiny.

GCR 1963, 119.2 gives trial courts discretion to "dispense with or limit oral arguments on motions". We find an abuse of discretion where the court refused plaintiff's request to appear in person and yet allowed defendant to appear and argue the motion unopposed. The proper procedure would have been either to allow both parties to argue or to allow neither to argue. See generally *Florence v Moors Concrete Products Inc (On Rehearing)*, 35 Mich App 613, 620–621; 193 NW2d 72 (1971), *lv den* 387 Mich 761 (1972). Given that defendant has already been provided an opportu-

nity to present his position and information to the court, on remand the court should allow plaintiff to appear in person to present his response to defendant's motion.

We also strongly urge that the court reconsider its grant of summary judgment to defendant on the basis that governmental immunity precludes plaintiff's suit for conversion under count 2 of his complaint. MCLA 691.1407; MSA 3.996(107). Plaintiff is charging that prison employees stole his property. Such conversion is an intentional tort. The commission of an intentional tort is not a governmental function. If not a governmental function, then defendant is not protected by governmental immunity. *McCann v State of Michigan,* 398 Mich 65; 247 NW2d 521 (1976); *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976). We would give the trial court an opportunity to review its decision concerning this second count with special regard to defendant's possible liability under a theory of respondeat superior. In any case, more complete factual allegation by plaintiff will be necessary. See 18 Am Jur 2d, Conversion, § 125; Annotation, 15 ALR2d 829.

Having reviewed plaintiff's third allegation of error and found the court's decision concerning counts 3 and 4 of plaintiff's complaint essentially correct, we find no grounds to disturb the court's judgment here.

Remanded for proceedings in conformity with this opinion.