JANSSON v DEPARTMENT OF CORRECTIONS

Docket No. 77830. Submitted February 5, 1985, at Detroit.—Decided July 3, 1985.

Gustave E. Jansson, an inmate of Jackson Prison, brought an action in the Ingham Circuit Court against the Department of Corrections to compel the department to promulgate rules with respect to the placement of inmates in regional prisons. The court, Robert Holmes Bell, J., granted summary judgment for defendant, after allowing defendant to waive oral argument on the motion, since plaintiff, an inmate, would be unable to attend and argue. Plaintiff appealed. *Held:*

1. The trial court properly allowed waiver of oral argument.

2. Plaintiff was not denied due process by the court's failure to notify him that it intended to issue an opinion.

3. The Department of Corrections need not promulgate rules establishing placement procedures in regional prisons until, at least, the Legislature passes a concurrent resolution approving the comprehensive plan for correctional facilities.

Affirmed.

1. MOTIONS AND ORDERS — ORAL ARGUMENT.

A trial court acts properly where it allows one party to a case to waive oral argument on a motion for summary judgment where the other party is unable to appear due to incarceration.

2. PRISONS AND PRISONERS — REGIONAL PRISONS.

The Department of Corrections need not promulgate rules establishing placement procedures in regional prisons until, at least, the Legislature passes a concurrent resolution approving the comprehensive plan for correctional facilities (MCL 791.216[1], 791.219; MSA 28.2286[1], 28.2289).

Gustave Eric Jansson, *in propria persona.*

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Penal and Correctional Institutions § 49.
  Am Jur 2d, Summary Judgment § 28.
  See the annotations in the ALR3rd/4th Quick Index under Prisons and Convicts; Summary Judgment.
[2] Am Jur 2d, Penal and Correctional Institutions §§ 3-10.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Louis J. Porter,* Assistant Attorney General, for defendant.

Before: Bronson, P.J., and M. J. Kelly and S. J. Latreille,* JJ.

Per Curiam. Plaintiff, an inmate at the State Prison of Southern Michigan, sought a writ of mandamus to compel Corrections Department officials to promulgate rules with respect to the placement of inmates in regional prisons. The trial court dismissed plaintiff's complaint following a motion for summary judgment brought by defendant. Plaintiff now appeals as of right. We affirm.

Plaintiff first argues that he was denied due process because he was not notified either that defendant, due to plaintiff's incarceration, waived oral argument on its motion or that the trial court intended to decide defendant's motion.

Plaintiff does not contend, however, that he was not sufficiently notified of defendant's motion for summary judgment. Notice was provided and plaintiff was given one month in which to file his brief in opposition. Further, the trial court properly allowed the waiver of oral argument and did not allow defendant to appear when plaintiff would have been unable to. See, *Lawrence v Dep't of Corrections,* 81 Mich App 234, 238-240; 265 NW2d 104 (1978). In addition, we could find no rule which requires a trial court to notify the litigants that it intends to issue its opinion. We therefore find no error.

Plaintiff next argues that the trial court erred in dismissing his complaint for a writ of mandanus. Plaintiff sought to compel the Department of Corrections to promulgate rules establishing place-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ment procedures for inmates in regional prisons pursuant to MCL 791.220(c); MSA 28.2290(3), which states:

"The department shall promulgate rules establishing placement procedures for prisoners which maximize the placement of each prisoner in a regional prison located in the region in which the prisoner resides, as space is available in the regional prison."

1980 PA 303; MCL 791.215-791.219; MSA 28.2285-28.2289, is an amendment to the department of corrections act and established a site-selection procedure for regional prisons to serve nine designated regions in Michigan. The scope of 1980 PA 303 is set forth in MCL 791.219 as follows:

"This section and sections 15 to 18 shall apply to correctional facilities established or proposed after the effective date of the concurrent resolution approving the comprehensive plan and to correctional facilities which are proposed before the effective date of the concurrent resolution approving the comprehensive plan but for which sites have not been selected by the commission as of that date."

Along with 1980 PA 303, the Legislature enacted 1980 PA 485; MCL 791.220-791.220d; MSA 28.2290-28.2290(4).

According to the affidavit filed by the department, no regional prisons currently exist in Michigan. Furthermore, a comprehensive plan for these regional prisons is apparently still in the developmental stages.

MCL 791.216(1); MSA 28.2286(1) states:

"The department shall develop a comprehensive plan for determining the need for establishing various types of correctional facilities, for selecting the location of a correctional facility, and for determining the size of the

correctional facility. The comprehensive plan shall not be implemented until the legislature, by concurrent resolution adopted by a majority of those elected and serving in each house by a record roll call vote, approves the comprehensive plan."

The department argues that no such concurrent resolutions have ever been adopted.

Since at this point no regional prisons exist and no comprehensive plan has been formally implemented, the department has no clear legal duty to promulgate rules with respect to placement procedures. The plaintiff's complaint for a writ of mandamus was therefore properly denied by the circuit court. *State Highway Comm'r v Ottawa Circuit Judge,* 339 Mich 390, 395; 63 NW2d 677 (1954).

Affirmed. No costs awarded.