CALLAHAN v STATE PRISON OF SOUTHERN MICHIGAN

Docket No. 85069. Submitted May 22, 1985, at Lansing.—Decided
    August 22, 1985. Leave to appeal applied for.

Gregory Callahan, an inmate of the State Prison of Southern
    Michigan, filed a complaint against the prison in the Court of
    Claims alleging that upon entering the prison he surrendered a
    gold neck chain valued in excess of $3000 to prison officials for
    safe keeping, that he received a receipt for the chain, and that
    three years later when he decided to have the chain shipped to
    a family member it was discovered that the chain had been
    taken and replaced with an imitation worth no more than $5.
    Defendant moved for summary judgment, claiming that plain-
    tiff's allegations were a disguised claim in tort subject to the
    defense of governmental immunity. The court, Jack W. War-
    ren, J., ruled that the defense of governmental immunity was
    available where, in the operation and maintenance of a correc-
    tional facility, an admittedly governmental function, theft or
    conversion is alleged and entered an order dismissing plaintiff's
    complaint. Plaintiff appealed. In an unpublished per curiam
    opinion the Court of Appeals reversed and remanded, finding
    that the commission of a wrongful act is not a governmental
    function and that governmental immunity therefore was not
    applicable. Defendant sought leave to appeal to the Supreme
    Court, which, in lieu of granting leave to appeal, remanded the
    case to the Court of Appeals for reconsideration in light of *Ross
    v Consumers Power Co (On Rehearing),* 420 Mich 567; 363
    NW2d 641 (1984). 422 Mich 889 (1985). After reconsideration,
    *held:*

    An employer's liability for the illegal acts of its employees
    generally can be imposed only where the individual tortfeasor
    acted during the course of his or her employment and within
    the scope of his or her authority. While prison employees were
    acting during the course of their employment when they took

REFERENCES FOR POINTS IN HEADNOTE

Am Jur 2d, Municipal, School, and State Tort Liability § 88.

Modern status of rule excusing governmental unit from tort liabil-
    ity on theory that only general, not particular, duty was owed
    under circumstances. 3 ALR4th 1194.

the chain for storage purposes, they clearly were not acting within the scope of their employment when they allegedly stole the chain. Thus, even if a prison employee did steal the chain, that criminality is not attributable to the prison so as to deprive it of its governmental immunity.

The trial court's order dismissing plaintiff's complaint is affirmed.

Torts — Governmental Immunity — *Respondeat Superior.*

*Respondeat superior* liability generally can be imposed only where the individual tortfeasor acted during the course of his or her employment and within the scope of his or her authority; if either of these conditions is not met, a governmental agency cannot be held vicariously liable for the employee's criminality so as to deprive the agency of its governmental immunity.

Gregory Callahan, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Thomas A. Kulick,* Assistant Attorney General, for defendant.

Before: Beasley, P.J., and Allen and J. H. Gillis, JJ.

Per Curiam. This case returns to us by order of the Supreme Court dated May 13, 1985, vacating the judgment of this Court and remanding "for reconsideration in light of *Ross v Consumers Power Co (On Rehearing)* [420 Mich 567; 363 NW2d 641 (1984)]". 422 Mich 889 (1985). We affirm the judgment of the trial court and enter judgment for defendant.

This matter was first heard by us on oral argument in May, 1984. The question involved was whether the defense of governmental immunity was available where, in the operation and maintenance of a correctional facility, an admittedly governmental function, theft or conversion is alleged. The trial court had answered that question

in the affirmative and on September 17, 1982, had entered an order dismissing plaintiff's complaint. In an unpublished per curiam opinion issued October 3, 1984, the majority held:

> "[T]his case falls squarely within *Lawrence [v Dept of Corrections,* 81 Mich App 234; 265 NW2d 104 (1978)]. The commission of a wrongful act both is not and should not be a governmental function. Accordingly, we find that governmental immunity is not a defense to plaintiff's complaint and reverse the judgment of the trial court and remand for a hearing on the merits."

Judge BEASLEY dissented on grounds that while a prison employee who steals an inmate's property loses governmental immunity he would otherwise have, the employee's criminality is not attributable to the State Prison so as to deprive it of governmental immunity. Defendant prison filed an application for leave to appeal and on May 13, 1985, the Supreme Court remanded to us for reconsideration in light of *Ross, supra.*

The scope of an employer's liability for the illegal acts of its employees was discussed at length in *Ross,* under the section regarding vicarious liability.[1] There, in relevant part, the Supreme Court stated:

> "*Respondeat superior* liability generally can be imposed only where the individual tortfeasor acted during the course of his or her employment and *within the scope of his or her authority.* If either of these conditions is not met, a governmental agency cannot be held vicariously liable.
>
> \*   \*   \*
>
> "Even when the tort is committed during the employee's course of employment and is within the scope of

[1] See, "Vicarious Liability of Governmental Agencies for the Torts of Their Officers, Employees and Agents", 420 Mich 621-625.

the employee's authority, the governmental agency is not automatically liable. Where the individual tortfeasor is acting on behalf of an employer, the focus should be on the activity which the individual was engaged in at the time the tort was committed." (Emphasis supplied, footnote omitted.) 420 Mich 624-625.

In the instant case plaintiff's complaint alleged that upon being confined to Jackson prison in December, 1980, plaintiff surrendered to prison officials a gold neck chain valued in excess of $3,000, and in March, 1982, upon deciding to have the chain shipped to a family member, was shown a chain which was a dime store chain valued at no more than $5. The complaint alleged that defendant and its agents refused to return the gold chain "which they had stolen without due process of law".

Application of the principles laid down in *Ross* to the above facts discloses that, while the prison employees were acting *during* the course of their employment when they took the chain for storage purposes, they clearly were not acting *within* the scope of their employment when they allegedly stole the same. In short, as was stated by Judge BEASLEY in his dissent, the employer is not liable for thefts perpetrated by its employees and agents.

Accordingly, the trial court's order of September 17, 1982, dismissing plaintiff's complaint is affirmed.