Deryl BEASLEY, Plaintiff,

v.

CITY OF EAST DETROIT POLICE DEPARTMENT, a municipal corporation, Michael P. Lyczkowski, T.M. Duggan, and Leo Borowsky, jointly and severally, Defendants.

No. 85–CV–73024–DT.

United States District Court, E.D. Michigan, S.D.

Jan. 29, 1986.

Gary E. Levitt, Birmingham, Mich., for plaintiff.

Bernard P. McClorey, Cummings, McClorey, Davis & Acho, Livonia, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER

FEIKENS, Chief Judge.

Plaintiff, Deryl Beasley, alleges that defendant police officers used excessive force during an investigatory stop, and charges them with violation of 42 U.S.C. § 1983, assault, and intentional infliction of emotional distress. Beasley also charges their employer, City of East Detroit, with vicarious liability. Defendants move for summary judgment. I have already ruled that material issues of fact preclude summary judgment for the officers, and that *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *Oklahoma City v. Tuttle*, —— U.S. ——, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), mandate summary judgment for the City on the § 1983 claim. I now address the City's motion on Beasley's state claims.

The City argues it is entitled to summary judgment because its operation of a police department is a governmental function, and because *Ross v. Consumers Power Co.*, 420 Mich. 567, 363 N.W.2d 641 (1984), immunizes a city from liability for torts committed by employees performing governmental functions. Beasley argues that no immunity applies because of the intentional tort exception created prior to *Ross* by *Lockaby v. Wayne County*, 406 Mich. 65, 276 N.W.2d 1 (1979), and *McCann v. Michigan*, 398 Mich. 65, 247 N.W.2d 521 (1976).

In *Ross*, the Court "reexamine[d] the extent of immunity from tort liability which the governmental tort immunity act ... and the common law provide to the state and its agencies." *Ross*, 420 Mich. at 591, 363 N.W.2d 641. Using more than one-hundred pages, the Court traced the history of immunity doctrine, articulated new principles, and applied them to nine cases.

The Court intended that *Ross* provide a new fountainhead of immunity doctrine, superceding prior law.

Under *Ross,* a city is immune from liability for torts committed by employees performing a governmental function, *Ross,* 420 Mich. at 625, 363 N.W.2d 641, which is any activity "expressly or impliedly mandated or authorized by constitution, statute, or other law." *Ross,* 420 Mich. at 620, 363 N.W.2d 641. Immunity does not depend on whether the tort alleged is intentional. On the contrary:

> [The statute] extends immunity to *all* governmental agencies for *all* tort liability *whenever* they are engaged in the exercise or discharge of a governmental function. This broad grant of immunity, when coupled with the four narrowly drawn statutory exceptions [inapplicable here], suggests that the Legislature intended that the term "governmental function" be interpreted in a broad manner.

*Ross,* 420 Mich. at 618, 363 N.W.2d 641 (emphasis original).

Beasley argues that *Ross* preserves the intentional tort exception. He relies upon the Court's disposition of *Willis v. Department of Social Services,* one of the *Ross* cases:

> We also conclude that plaintiff failed to state a claim of intentional tort against any of the defendants for the reasons stated by the Court of Appeals.

*Ross,* 420 Mich. at 641, 363 N.W.2d 641. Beasley reads too much into this comment. The statement indicates that the Court had no reason to consider immunity because plaintiff failed to plead a claim requiring any defense.

The Court of Appeals decisions Beasley cites misconstrue the scope of *Ross. Cf. Smith v. Yono,* 613 F.Supp. 50, 53–54 (E.D. Mich.1985) (municipalities immune under *Ross* from liability for police officers' intentional torts). I am not bound by them. *See Commissioner v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886 (1967).

I hold that defendant police officers were performing a governmental function at the time of the alleged torts, and consequently, that the City of East Detroit is immune. The City's Motion for Summary Judgment on Beasley's state claims is GRANTED.

IT IS SO ORDERED.