SLANGA v CITY OF DETROIT

Docket No. 82110. Submitted April 3, 1986, at Detroit. Decided June 2, 1986. Leave to appeal applied for.

Plaintiff, Kathleen Slanga, brought an action in the Wayne Circuit Court against defendant, City of Detroit, alleging that the defendant was vicariously liable for the actions of certain Detroit police officers who had falsely arrested her for solicitation. Plaintiff sought damages for assault and battery, false arrest, malicious prosecution and the intentional infliction of emotional distress. Following a trial, the jury returned a verdict in favor of the plaintiff and a judgment of $110,000 was entered against the defendant by the trial court, Beverley Anne Jasper, J. Defendant filed a motion for a new trial, judgment notwithstanding the verdict, or, in the alternative, remittitur. The motion was denied by the trial court and defendant appeals therefrom. *Held:*

1. The evidence, viewed in a light most favorable to the plaintiff and giving plaintiff the benefit of every reasonable inference that can be drawn from the evidence, is insufficient as a matter of law to support a judgment for the plaintiff.

2. When Officer Points committed the alleged intentional torts, he was not acting within the scope of his authority and the city is not vicariously liable for his illegal actions. On the other hand, the Court of Appeals noted that if it were to conclude that the officer was acting within the scope of his authority, it would be constrained to conclude that he was performing a governmental function and therefore the city was immune.

Reversed.

REFERENCES

Am Jur 2d, States, Territories, and Dependencies §§ 99 *et seq.*

Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances. 38 ALR4th 1194.

Actual notice or knowledge by governmental body or officer of injury or incident resulting in injury as constituting required claim or notice of claim for injury—modern status. 7 ALR4th 1063.

1. MOTIONS AND ORDERS — JUDGMENT NOTWITHSTANDING THE VERDICT.

A judgment notwithstanding the verdict is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the nonmoving party; the court deciding such a motion must view the evidence in a light most favorable to the nonmoving party and give the nonmoving party the benefit of every reasonable inference that can be drawn therefrom; if the evidence is such that reasonable persons could differ, the question is one for the jury and a judgment notwithstanding the verdict is improper.

2. GOVERNMENTAL IMMUNITY — TORTS.

A governmental agency can only be held vicariously liable for the torts of its employee if the tortfeasor was acting during the course of his employment and within the scope of his authority; liability can be imposed, if these two conditions are met, only if the tortfeasor was engaged in a nongovernmental or proprietary function or an activity which falls within a statutory exception to governmental immunity (MCL 691.1407; MSA 3.996[107]).

3. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTIONS.

A governmental function is one which is expressly or impliedly mandated or authorized by constitution, statute or other law; the focus in determining whether an activity constitutes a governmental function should be upon the activity being engaged in at the time that the tort was committed.

4. GOVERNMENTAL IMMUNITY — POLICE ACTIVITIES — GOVERNMENTAL FUNCTIONS.

Preserving the peace and arresting violators is the essence of police activity and a recognized governmental function; a police officer's authority does not extend to gratuitously prosecuting innocent persons.

*Goodman, Eden, Millender & Bedrosian* (by *William H. Goodman*), for plaintiff.

*Donald Pailen,* Corporation Counsel, *Abigail Elias,* Deputy Corporation Counsel, and *William L. Woodard* and *Salina Nelson,* Assistant Corporation Counsel, for defendant.

Before: CYNAR, P.J., and WAHLS and E. E. BOR-
RADAILE,* JJ.

CYNAR, P.J. Plaintiff filed a complaint against
the defendant alleging that it was vicariously lia-
ble for the actions of certain Detroit police officers
who had falsely arrested her for solicitation. Plain-
tiff sought damages for assault and battery, false
arrest, malicious prosecution and the intentional
infliction of emotional distress. At the conclusion
of the trial, the jury returned a verdict in favor of
plaintiff and a judgment of $110,000 was entered
against defendant. Defendant filed a motion for
new trial, judgment notwithstanding the verdict,
or, in the alternative, remittitur on the basis that
it was immune from liability. The motion was
denied and defendant appeals as of right.

Contradictory testimony was presented at trial
regarding the circumstances surrounding plain-
tiff's arrest. Plaintiff testified that she went to a
Detroit bar to meet her boyfriend. When she was
unable to find him, plaintiff decided to leave. As
she exited from the bar, a man grabbed her by the
arm, showed her his police badge, and forced her
to the police car. The officer threatened and hand-
cuffed her.

After the officer transported plaintiff to the
police station, she was ticketed for loitering and
impeding the flow of traffic, strip searched by a
female officer and then placed in a cell with an-
other woman. Approximately one-half hour later,
plaintiff was transported to another precinct where
she was subjected to a second strip search and even-
tually permitted to phone her father. After several
hours, she was released on bail.

Plaintiff was later arraigned and bound over for
trial. However, when plaintiff appeared for the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

scheduled trial date, the arresting officer failed to appear and the case was dismissed. Plaintiff testified that she was emotionally upset after the incident and has remained afraid of Detroit police officers.

Defendant's case was based primarily on the testimony of Police Officer Isaac Points. Points testified that on the night of plaintiff's arrest he was working with the vice unit and was monitoring the bar which was the scene of frequent prostitution activity. At approximately 11:30 P.M., he observed plaintiff standing outside the bar. Points watched plaintiff for approximately ten minutes during which time he saw her approach cars, talk to the occupants for several minutes then return to the front of the bar, all the time causing an obstruction of traffic. Eventually, Points walked up to plaintiff, identified himself as a police officer and arrested her for loitering.

Points testified that he did appear for trial on the scheduled date but, apparently because of some administrative error, he was directed to the wrong courtroom.

Defendant argues that the court erred in denying its motion for judgment notwithstanding the verdict because the officer was engaged in a governmental function and under *Ross v Consumers Power Co (On Rehearing)*, 420 Mich 567; 363 NW2d 641 (1984), defendant is immune from liability for the torts committed by its employees while performing a governmental function. Plaintiff argues that intentional torts committed by governmental employees within the scope of their authority are excepted from immunity under *Ross, supra.* The question which we must determine is whether the city was vicariously liable for the intentional torts committed by its police officer in the performance of his duty.

A judgment notwithstanding the verdict is appropriate only if the evidence is insufficient as a matter of law to support a judgment for the nonmoving party. When deciding a motion for judgment notwithstanding the verdict, the court must view the evidence in a light most favorable to the nonmoving party, giving the nonmoving party the benefit of every reasonable inference that could be drawn from the evidence. *Napier v Jacobs,* 145 Mich App 285, 291; 377 NW2d 879 (1985). If the evidence is such that reasonable persons could differ, the question is one for the jury and judgment notwithstanding the verdict is improper. *Id.*

Under *Ross, supra,* 420 Mich 625, a governmental agency can only be held vicariously liable for the torts of its employees if the tortfeasor was acting during the course of employment and within the scope of his authority. Even if these two conditions are met, liability can only be imposed if the tortfeasor was engaged in a nongovernmental or proprietary function or an activity which falls within a statutory exception. "[I]f the activity in which the tortfeasor was engaged at the time the tort was committed constituted the exercise or discharge of a governmental function . . . the agency is immune pursuant to § 7 [MCL 691.1407; MSA 3.996(107)] of the governmental immunity act." *Id.* A governmental function is defined as one which is expressly or impliedly mandated or authorized by constitution, statute or other law. *Id.*

After viewing the evidence according to the appropriate standard, we believe that it is insufficient as a matter of law to support a judgment for the plaintiff. Plaintiff's claim is premised on the intentional torts of defendant's police officer. If we accept plaintiff's testimony as true, then we must conclude that the acts of the arresting officer were

ultra vires and therefore, by definition, were outside the scope of the officer's authority. *Ross, supra,* p 631. While an officer is authorized to preserve the public peace and arrest offenders, his authority does not extend to gratuitously prosecuting innocent persons. Since this action forms the basis of plaintiff's complaint, plaintiff's claims against the city must fail.

Our conclusion is buttressed by two recent decisions of this Court. In *Lowery v Dep't of Corrections,* 146 Mich App 342; 380 NW2d 99 (1985), the plaintiff brought an action against the state and the Department of Corrections for personal injuries allegedly inflicted by unknown prison guards. This Court concluded that since the assaults constituted illegal actions the guards could not be viewed as having acted within the scope of their authority when they committed the intentional tort.

In *Callahan v State Prison of Southern Michigan,* 146 Mich App 235; 380 NW2d 48 (1985), vacated 425 Mich 866 (1986), the intentional tort alleged by the plaintiff was the theft of a gold chain by prison officials. As in *Lowery,* the Court concluded that the state employees were not acting within the scope of their employment when they allegedly stole the chain and therefore, under *Ross,* the employer could not be held liable. See also *Beasley v East Detroit Police Dep't,* 626 F Supp 1251 (ED Mich, 1986).

We also note that the Supreme Court has indicated its interpretation of the intentional tort question in its order reversing this Court's decision in *Zmija v Baron,* 119 Mich App 524; 326 NW2d 908 (1982). *Zmija* involved tort allegations similar to those in the present case: assault and battery, false arrest, false imprisonment and malicious prosecution. This Court concluded that liability

could be imposed on the city defendant for these intentional torts committed by its police officers based on plaintiff's respondeat superior theory of liability. The Supreme Court, in lieu of granting leave to appeal, reversed that portion of the judgment permitting recovery against the city under the doctrine of respondeat superior. *Zmija v Baron,* 422 Mich 899; 368 NW2d 244 (1985).

*Zmija, Lowery* and *Callahan* indicate the course which we should follow. When Officer Points committed the alleged intentional torts, he was not acting within the scope of his authority and the city is not vicariously liable for his illegal actions.

On the other hand, if we were to conclude that the officer was acting within the scope of his authority, we would be constrained to conclude that he was performing a governmental function and therefore the city was immune. As previously stated, a governmental function is one which is expressly or impliedly mandated or authorized by constitution or statute. In determining whether an activity constitutes a governmental function, the focus should be upon the activity being engaged in at the time the tort was committed. *Ross, supra,* p 625.

Here the activity engaged in was the arrest of plaintiff. Preserving the peace and arresting violators is the essence of police activity and a recognized governmental function. See *Sherbutte v Marine City,* 374 Mich 48; 130 NW2d 920 (1964), cited in *Ross,* p 625. Since the officer was engaged in a governmental function, the city is immune from liability.

Reversed.