HUNLEY v PHILLIPS

Docket Nos. 88936, 89830. Submitted January 21, 1987, at Detroit. Decided May 11, 1987.

Kelly Hunley, a minor, was allegedly sexually assaulted in the restroom of a Pizza Hut Restaurant by Anthony Sawyer, an employee of the restaurant. Jimmie D. Hunley and Gennia Hunley, Kelly's parents, filed suit against Pizza Hut alleging inter alia that Pizza Hut was negligent in hiring Sawyer because it failed to discover that Sawyer had a previous felony conviction for criminal sexual conduct and was on parole. Discovery revealed that Jacqueline Phillips, a Detroit police officer, was a reference listed on Sawyer's job application. The Hunleys moved to add Phillips and the City of Detroit to the Pizza Hut lawsuit, but the motion was denied. The Hunleys, individually and as next friend of Kelly Hunley, then filed suit against Phillips and the City of Detroit in Wayne Circuit Court alleging that Phillips was negligent in wilfully entering into an agreement to withhold information concerning Sawyer's criminal history from Pizza Hut and that, since Phillips had previous work experience in fast food restaurants, she knew or should have known that failing to reveal the information would possibly subject patrons of the restaurant to an unnatural risk of harm. Plaintiffs' theory against the city is that it is directly liable for its failure to adequately supervise Phillips and to provide guidelines to its officers concerning personal references and that it is vicariously liable for the actions of its employee, Phillips. The city failed to file a timely responsive pleading and a default was entered against the city. The city then moved to

REFERENCES

Am Jur 2d, Judgments §§ 689 *et seq.*

Am Jur 2d, Municipal, Schools, and State Tort Liability §§ 5, 27-50.

Am Jur 2d, Pleading §§ 307-318.

Modern status of rule excusing governmental unit from tort liability on theory that only general, not particular, duty was owed under circumstances. 38 ALR4th 1194.

Comment Note.—Municipal immunity from liability for torts. 60 ALR2d 1198.

State's immunity from tort liability as dependent on governmental or proprietary nature of function. 40 ALR2d 927.

set aside the default and moved for summary disposition on the ground that plaintiffs had failed to state a claim upon which relief could be granted. The court, John H. Gillis, Jr., J., granted both motions. The court also subsequently granted the city's motion for summary disposition on behalf of defendant Phillips. Plaintiffs filed two separate appeals from the granting of defendant city's motions. The appeals have been consolidated.

The Court of Appeals *held:*

1. No error resulted from the trial court's permitting the city to present argument on its motion for summary disposition before the default had been set aside. The motions to set aside default and for summary disposition were heard at the same time, and no injustice or prejudice to plaintiffs resulted.

2. Plaintiffs' argument that the trial court erred by not allowing plaintiffs a period of time in which to more fully answer the city's motion for summary disposition once the default had been set aside is rejected. Plaintiffs had almost a month's notice of the hearing on the motions and have not shown the required abuse of discretion by the trial court in denying them further time to supplement their response.

3. The trial court did not abuse its discretion in not allowing plaintiffs to amend their complaint. Any amendment to the complaint would have been futile because plaintiffs could not have pleaded in avoidance of governmental immunity.

4. Plaintiffs' contention that the trial court erred in setting aside the default because the city failed to show good cause for its failure to timely answer the complaint and that the city failed to properly show by affidavit that it had a meritorious defense to the underlying claim is also rejected.

5. The trial court did not err in determining that the city was immune from liability for the acts or omissions of Officer Phillips as alleged in plaintiffs' complaint. Under the theories alleged by plaintiffs, there is no set of facts which could be developed by which liability could be imposed on the City of Detroit.

6. The trial court did not err in granting summary disposition in favor of defendant Phillips. Phillips was subject to a statutory provision and police department regulations forbidding disclosure of Anthony Sawyer's previous felony convictions.

Affirmed.

1. PLEADING — AMENDMENT OF PLEADINGS.

A court may properly deny a motion to amend or supplement

pleadings where the amendment or supplement as offered is legally insufficient on its face.

2. MOTIONS AND ORDERS — MOTION TO SET ASIDE DEFAULT — GOOD CAUSE.

Good cause to set aside a default can be shown where the failure to set aside the default would result in manifest injustice (MCR 2.603[D][1]).

3. PLEADING — COMPLAINTS — FAILURE TO STATE CAUSE OF ACTION.

A complaint which fails to state a cause of action will not support a judgment.

4. TORTS — GOVERNMENTAL AGENCIES — VICARIOUS LIABILITY.

Vicarious tort liability for torts committed by its employees or agents can be imposed upon a governmental agency only where (1) the employee or agent committed a tort while acting during the course of employment and within the scope of his authority and (2) the employee or agent committed the tort while engaged in an activity which was nongovernmental or proprietary or which fell within an exception to the governmental immunity act (MCL 691.1401 *et seq.*; MSA 3.996[101] *et seq.*).

5. TORTS — GOVERNMENTAL IMMUNITY — LOWER-LEVEL OFFICIALS, EMPLOYEES AND AGENTS.

Lower level governmental officials, employees, and agents are entitled to governmental immunity from tort liability when they are (1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority, (2) acting in good faith, and (3) performing discretionary, as opposed to ministerial, acts; no individual immunity exists for ultra vires activities.

*G. Vernon Leopold, P.C.* (by *Mark W. La Chey*), for plaintiffs.

*Donald Pailen,* Corporation Counsel, and *William Woodward* and *Salina Nelson,* Assistant Corporation Counsel, for defendants.

Before: J. B. SULLIVAN, P.J., and GRIBBS and E. C. PENZIEN,* JJ.

PER CURIAM. On September 24, 1985, a default

* Circuit judge, sitting on the Court of Appeals by assignment.

was entered against defendant City of Detroit in the Wayne Circuit Court for failure to file a responsive pleading. The city's motions to set aside the default and for summary disposition were granted on November 1, 1985. The city subsequently brought a motion for summary disposition on behalf of defendant Jacqueline Phillips, which was also granted. Plaintiffs appeal as of right the adverse determinations of these motions. By order dated February 13, 1986, both appeals were consolidated.

On August 18, 1983, plaintiffs' minor daughter was allegedly sexually assaulted in the restroom of a Pizza Hut restaurant by Anthony Sawyer, an employee of the restaurant. Among other things, plaintiffs alleged that Pizza Hut had been negligent in hiring Sawyer on the basis that it failed to discover that Sawyer had a previous felony conviction for criminal sexual conduct and was currently on parole.

This lawsuit was commenced after discovery in the lawsuit against Pizza Hut revealed that Jacqueline Phillips, a Detroit police officer, was a reference listed on Sawyer's job application. Plaintiffs averred in their complaint that Phillips knew of Sawyer's past record and intentionally entered into an agreement with Sawyer not to disclose his record. In Phillips' deposition, she acknowledged that Sawyer requested her not to tell anyone about his record and that she honored that request. When contacted by an employee of Pizza Hut concerning Sawyer's job application, she responded that Sawyer was a very good worker (Sawyer had worked at a Detroit Police ministation as a volunteer under Phillips' supervision). Phillips was not asked about nor did she come forward with any information about Sawyer's felony conviction. Plaintiffs originally moved to add

Phillips and the City of Detroit to the Pizza Hut lawsuit, but the motion was denied.

It is plaintiffs' theory that defendant Phillips was negligent in wilfully entering into an agreement to withhold information concerning Sawyer's criminal history from Pizza Hut. Plaintiffs also maintain that since Phillips had previous work experience in fast food restaurants she knew or should have known that failing to reveal this information would possibly subject patrons of the restaurant to an unnatural risk of harm. Plaintiffs' theory against the city is that it is directly liable for its failure to adequately supervise Phillips and provide guidelines to its officers concerning personal references and is vicariously liable for the actions of its employee, defendant Phillips.

Plaintiffs' first issue raises a number of what they allege were procedural errors by the trial court. We find no abuse of discretion by the trial court.

First, plaintiffs claim the trial court improperly allowed the city to present argument on its motion for summary disposition before the default had been set aside. Here, while the city's motion for summary disposition and motion to set aside default were scheduled and heard at the same time, the trial judge first set aside the default and then granted the city's motion for summary disposition on the basis that plaintiffs had failed to state a claim upon which relief could be granted. We do not find this to be improper under the facts of this case. Plaintiffs received notice of both motions and responded to each. Thus, there was no injustice or prejudice to plaintiffs, particularly considering our disposition of the remaining issues. See *Hofweber v Detroit Trust Co,* 295 Mich 96; 294 NW 108 (1940). As noted by the trial court, no purpose would have been served by requiring the city to

wait until the next motion date to receive the same decision.

Plaintiffs also allege the trial court erred by not allowing plaintiffs a period of time in which to more fully answer the city's motion for summary disposition once the default had been set aside. Plaintiffs claim the trial court did not give them adequate time under MCR 2.119(C) to respond to the city's motion for summary disposition once the default was set aside. They had received both motions almost a month before the hearing and responded to each. Plaintiffs did not show the required abuse of discretion by the trial court in denying them further time to supplement their response. See *Klee v Light,* 360 Mich 419; 104 NW2d 207 (1960). We are aware of plaintiffs' arguments on the substantive issues and find that any amendment or supplement as offered would be legally insufficient on its face and thus it would have been futile to allow any additional time. See *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 659; 213 NW2d 134 (1973).

Plaintiffs' next asserted procedural error is that the trial court erred by not allowing them to amend their complaint. This claim is also reviewed on an abuse of discretion basis. *Robertson v Detroit,* 131 Mich App 594, 599; 345 NW2d 695 (1983). As we find, discussed *infra,* that plaintiffs could not have pleaded in avoidance of governmental immunity, any amendment to the complaint would have been futile. *Fyke, supra;* see also *Commodities Export Co v Detroit,* 116 Mich App 57, 71; 321 NW2d 842 (1982). We find no abuse of discretion on any of the procedural errors raised by plaintiffs.

Plaintiffs also contend that the trial court erred in setting aside the default in that the city failed to show good cause for its failure to answer the

complaint and that the city failed to properly show by affidavit that it had a meritorious defense to the underlying claim. We find that the city has sufficiently satisfied MCR 2.603(D)(1).

Good cause can be shown where the failure to set aside the default would result in manifest injustice. See *Federspiel v Bourassa,* 151 Mich App 656, 660; 391 NW2d 431 (1986); *SNB Bank & Trust v Kensey,* 145 Mich App 765, 771; 378 NW2d 594 (1985). The trial court found that plaintiffs had failed to state a claim upon which relief could be granted. Where the complaint fails to state a cause of action, it will not support a judgment. *State ex rel Saginaw Prosecuting Attorney v Bobenal Investments, Inc,* 111 Mich App 16, 22; 314 NW2d 512 (1981), lv den 414 Mich 951 (1982). Here, good cause is shown as manifest injustice would result if the default was not set aside because plaintiffs are unable to state a claim in avoidance of governmental immunity.

Plaintiffs also attack the affidavit filed by the city, claiming that it does not state facts based on personal knowledge but merely states the legal conclusions of the city's attorney. Here, no additional facts are necessary to assert the city's meritorious defense. Plaintiffs' reliance on *Poling v Secretary of State,* 142 Mich App 54; 369 NW2d 261 (1985), is misplaced in that the city's affidavit states legal arguments that raise a meritorious defense. The affidavit makes three claims: (1) that plaintiffs failed to plead facts in avoidance of governmental immunity; (2) that the City of Detroit is immune from liability for the torts of its officers; and (3) that the city owed no duty to plaintiffs. As we find the city to be governmentally immune, this was a sufficient showing of a meritorious defense to satisfy the affidavit requirement of MCR 2.603(D)(1). There was no abuse of discretion

by the trial court in setting aside the default against the city.

Turning to the substantive matters of this action, plaintiffs argue that the trial court erred in determining that the city was immune from liability for the acts or omissions of Officer Phillips as alleged in their complaint. We disagree. Plaintiffs bear the burden of pleading facts in avoidance of governmental immunity. *Hyde v University of Michigan Bd of Regents,* 426 Mich 223, 261; 393 NW2d 847 (1986); *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 621, n 34; 363 NW2d 641 (1984). The trial court found that plaintiffs failed to meet this requirement.

Plaintiffs claim that they have alleged sufficient facts for a court to impose both direct liability and vicarious liability on the city. As to direct liability, plaintiffs cite the definition of governmental function in *Ross,* p 620, which provides

> that a governmental function is an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. When a governmental agency engages in mandated or authorized activities, it is immune from tort liability, unless the activity is proprietary in nature (as defined in § 13) or falls within one of the other statutory exceptions to the governmental immunity act. Whenever a governmental agency engages in an activity which is not expressly or impliedly mandated or authorized by constitution, statute, or other law (*i.e.,* an *ultra vires* activity), it is not engaging in the exercise or discharge of a governmental function. The agency is therefore liable for any injuries or damages incurred as a result of its tortious conduct.

Even if we were to determine that the city has a duty to issue guidelines on the giving of personal references or to supervise its employees in this

regard, which we do not, the source of such a duty would clearly have to be expressly or impliedly mandated by law and thus it would be a governmental function for which the city would be immune. Plaintiffs appear to concede as much.

While there can be no direct liability, as explained in *Hyde, supra,* pp 246-247:

> Vicarious tort liability can only be imposed upon a governmental agency where:
> 1) the employee or agent committed a tort while acting during the course of employment and within the scope of his authority, and
> 2) the employee or agent committed the tort while engaged in an activity which was nongovernmental or proprietary or which fell within an exception to the governmental immunity act. *Ross,* pp 623-625.

Although we might find that the giving of personal references is within the scope of Officer Phillips' authority, the reference would relate to an activity performed in a former association with Sawyer while the officer was performing a governmental function, i.e., police work. Thus, clearly none of the above exceptions would apply. Moreover, if plaintiffs' allegations are taken as claiming an intentional tort by Phillips, no vicarious liability could be imposed on the city. See *Slanga v City of Detroit,* 152 Mich App 220, 224-226; 393 NW2d 487 (1986). Under the theories alleged by plaintiffs, there is no set of facts which could be developed by which liability could be imposed on the City of Detroit. The trial court properly granted summary disposition to the city.

Plaintiffs' final issue concerns the grant of summary disposition in favor of defendant Phillips. A default was never entered against Officer Phillips. Subsequent to the city's success on its motions, it

filed a motion for summary disposition on behalf of Officer Phillips, which was granted by the trial court on December 13, 1985.

The Court in *Ross* also addressed the immunity of lower level officials, such as police officers, providing immunity from tort liability only if they are

> 1) acting during the course of their employment and acting, or reasonably believe they are acting, within the scope of their authority;
> 2) acting in good faith; and
> 3) performing discretionary, as opposed to ministerial acts.
>
> Under this test, no individual immunity exists for *ultra vires* activities. [420 Mich 633-634.]

As previously stated, it is plaintiffs' burden to plead facts in avoidance of immunity. Plaintiffs have clearly failed to meet this burden. Plaintiffs have not alleged that Phillips acted in bad faith. There is also no evidence to support a claim of bad faith. Further, we do not believe Phillips owed any duty to plaintiffs. Nor have plaintiffs alleged ministerial acts. We believe that by its very nature giving a reference is discretionary. Moreover, and perhaps most importantly, by statute, MCL 28.247; MSA 4.467(1), and by police department regulations, Officer Phillips, even had she been asked if Sawyer had any previous felony convictions, would have been forbidden from disclosing such information in this case. Thus, Phillips was clearly acting within the scope of her employment and not ultra vires when she did not disclose Sawyer's felony conviction. The trial court properly found the City of Detroit as well as Officer Phillips immune from tort liability.

Affirmed.