HOFWEBER v. DETROIT TRUST CO.

1. EQUITY—MOTION TO DISMISS—COURT RULES.
   A bill in equity may be dismissed upon defendant's motion to dismiss which states that the bill did not state a cause of action since questions formerly raised by demurrer may be raised by such a motion (3 Comp. Laws 1929, § 14120; Court Rule No. 18 [1933]).

2. SAME—COURT RULES—BASIS FOR MOTION TO DISMISS.
   A motion to dismiss a bill in equity need not be based upon grounds set forth in court rule where the motion is designed to raise questions formerly raised by demurrer (3 Comp. Laws 1929, § 14120; Court Rule No. 18 [1933]).

3. PLEADING—MOTION TO DISMISS—STATEMENT OF CAUSE OF ACTION.
   A defendant in a suit in equity is not required to state with particularity in his motion to dismiss wherein the bill failed to state a cause of action (3 Comp. Laws 1929, § 14120; Court Rule No. 18 [1933]).

4. SAME—COURT RULES—MOTION TO DISMISS.
   Grounds for motion to dismiss set forth in court rule are but additional defenses that may be raised by such a motion (Court Rule No. 18 [1933]).

5. EQUITY—DISMISSAL OF BILL FAILING TO STATE A CAUSE OF ACTION.
   It is not incumbent upon a trial court to state his reasons for granting a motion to dismiss bill where motion stated that the bill failed to state a cause of action (3 Comp. Laws 1929, § 14120).

6. SAME—AMENDMENT OF BILL—DISMISSAL.
   In the absence of a request for leave to amend a bill it was not error for a trial court to dismiss it on defendant's motion to dismiss for failure to state a cause of action (3 Comp. Laws 1929, § 14120).

7. SAME—DEFAULT—DISMISSAL—STATEMENT OF CAUSE OF ACTION.
   The entry of a default did not operate as an admission that the bill of complaint which defendant subsequently sought to dismiss stated a cause of action.

8. SAME—PLEADING—DISMISSAL.

    A bill failing to state a cause of action cannot support a decree and is subject to dismissal upon motion therefor (3 Comp. Laws 1929, § 14120).

9. JUDGMENT—SETTING ASIDE—EQUITY—JURISDICTION—FALSE TESTIMONY.

    A court of equity may not, in the exercise of its jurisdiction, entertain a bill to set aside a judgment at law on the ground that false testimony was given upon the trial of the issue on the law side of the court.

10. EQUITY—DEFAULT—MOTION TO DISMISS—DISCRETION OF COURT.

    While a motion to dismiss a bill of complaint should not be entertained after the entry of a default until the default is vacated, it is clearly within the discretion of a trial court to vacate default and permit defendant to plead or take any other appropriate proceeding (3 Comp. Laws 1929, § 14120).

11. APPEAL AND ERROR—VACATION OF DEFAULT—MOTION TO DISMISS.

    Since it is clearly within the discretion of the trial court to vacate a default, the court's entertainment of motion to dismiss after a default had been irregularly entered and its dismissal of bill on motion stating bill failed to state a cause of action *held*, not to have resulted in injustice to plaintiff; nor will case be remanded by Supreme Court to have such a default vacated and permit defendant to plead (3 Comp. Laws 1929, § 14120).

12. JUDGMENT—FRAUD—SETTING ASIDE—EQUITY.

    Bill of complaint, praying for injunctive relief from possessory proceedings taken by defendant on ground that judgment of restitution was void as based on a sworn written complaint which contained false statements of fact, was properly dismissed for failure to state a cause for equitable relief (3 Comp. Laws 1929, § 14120).

Appeal from Wayne; Richter (Theodore), J. Submitted June 5, 1940. (Docket No. 28, Calendar No. 41,160.) Decided October 7, 1940.

Bill by August J. Hofweber and wife against Detroit Trust Company, a Michigan corporation, to set aside a judgment of restitution entered by the Wayne circuit court commissioner in summary pro-

ceedings to recover possession of land. Bill dismissed. Plaintiff appeals. Affirmed.

*M. D. Smilay,* for plaintiff.

*Miller, Canfield, Paddock & Stone,* for defendant.

CHANDLER, J. From the statement of facts as stipulated, it appears that on May 26, 1936, plaintiffs purchased from defendant certain premises on land contract. Default in the terms and conditions of said contract occurred, and on June 20, 1938, defendant served notice of forfeiture, which was followed on July 7, 1938, by the institution of summary proceedings to recover possession. Judgment for restitution was entered on December 27, 1938.

Prior to the expiration of the redemption period, plaintiffs filed a bill of complaint in the Wayne circuit court, and secured a temporary injunction restraining defendants from taking possession of the premises under and by virtue of the judgment for restitution. On June 6, 1939, while said injunction was still in effect, defendant commenced a second summary proceeding to recover possession, judgment in favor of defendant being entered on June 27th. On September 22, 1939, the bill of complaint herein was filed, claiming that the judgment entered in the second summary proceeding was void and praying for an injunction. A temporary injunction was issued.

On October 9, 1939, defendant filed a motion to dismiss the bill of complaint, notice of hearing thereon being waived by plaintiffs' attorney, which motion was argued and taken under advisement by Judge Merriam. On November 20th, plaintiffs filed an affidavit of nonappearance and an order *pro con-*

*fesso* was entered. On December 12th, Judge Merriam stated in a letter directed to both parties that he was of the opinion that he had no authority to determine the motion to dismiss in view of the temporary injunction which had been authorized by Judge Richter; that if defendant desired to prosecute the motion further, the matter should be taken up with Judge Richter; and that the praecipe was being dismissed, without prejudice.

On December 12th, a second motion to dismiss was filed on the ground that the bill of complaint failed to state a cause of action or any ground for equitable relief, and an order was subsequently entered dismissing the bill of complaint.

On January 10, 1940, a motion to set aside the order dismissing the bill and for a rehearing was filed, which was denied. This appeal is taken from the order dismissing the bill.

The statute (3 Comp. Laws 1929, § 14120 [Stat. Ann. § 27.814]) provides:

"Demurrers, pleas in abatement, and pleas to the jurisdiction, are abolished. All questions heretofore raised by such plea or demurrer, shall hereafter be raised by motion to dismiss, or in the answer or notice attached to the plea."

Plaintiffs quote the foregoing statute as well as Court Rule No. 18 (1933), and argue that the court erred in dismissing the bill because the motion to dismiss stated no ground for dismissal, because the court gave no reasons for his order, and because plaintiffs were not given an opportunity to amend.

Counsel apparently is under the impression that it was necessary for the motion to dismiss to set forth and be based upon at least one of the grounds stated in Court Rule No. 18. The motion stated that the bill did not state a cause of action. This was

sufficient inasmuch as under the provisions of the statute, above quoted, the motion was the proper practice to pursue in raising questions formerly raised by demurrer. Defendant was not required to state with particularity wherein the bill failed to state a cause of action.

The grounds for a motion to dismiss set forth in Rule No. 18 are additional defenses that may be raised by motion to dismiss.

It was not incumbent upon the trial court to state the reasons for the granting of the motion. Nor was there error because plaintiffs were not given opportunity to amend, leave to amend not having been requested.

Plaintiffs claim that the court erred in granting the motion inasmuch as the same was made after default had been entered. The entry of the default did not operate as an admission that the bill of complaint stated a cause of action. If the bill fails to state a cause of action, it could not support a decree (*McMahon* v. *Rooney,* 93 Mich. 390), and was subject to dismissal upon motion therefor. *Mayor of Cambridge* v. *Dean,* 300 Mass. 174 (14 N. E. [2d] 163).

The bill seeks to have the judgment of restitution entered by the circuit court commissioner declared void for the alleged reason that it was based upon a sworn written complaint which contained false statements of fact. In *Becker* v. *Welch,* 206 Mich. 613, we said:

"It must be accepted as the settled law of this jurisdiction that a court of equity may not, in the exercise of its jurisdiction, entertain a bill to set aside a judgment at law on the ground that false testimony was given upon the trial of the issue on the law side of the court."

See, also, *Steele* v. *Culver,* 157 Mich. 344 (23 L. R. A. [N. S.] 564); *Graure* v. *Detroit Lumber Co.,* 260 Mich. 47.

The practice of the trial court in entertaining the motion of defendant to dismiss after default was entered should not be passed without comment. So long as defendant was in default for nonappearance it had no standing in court, and until the default was vacated, its motion to dismiss should not have been entertained. 3 Freeman on Judgments (5th Ed.), p. 2662, § 1281. However, it was clearly within the discretion of the trial judge to vacate the default and permit defendant to plead or take any other appropriate proceeding, and inasmuch as the trial judge did entertain defendant's motion to dismiss, and the default was irregularly entered, no injustice results to plaintiffs if we view the record before us the same as if the trial judge had vacated the default for nonappearance before deciding defendant's motion. Nothing of merit would be accomplished to remand the case to the trial court to follow the proceedings above noted.

Defendant's motion to dismiss was on the ground that the bill of complaint did not state a cause for equitable relief. It did not, and the circuit judge was right in so determining.

Decree affirmed, with costs to appellee.

Bushnell, C. J., and Sharpe, Boyles, North, McAllister, Wiest, and Butzel, JJ., concurred.