STATE *ex rel* SAGINAW PROSECUTING ATTORNEY v BOBENAL
INVESTMENTS, INCORPORATED

Docket Nos. 52986, 52987. Submitted June 10, 1981, at Lansing.—
    Decided November 2, 1981. Leave to appeal applied for.

   The State of Michigan on the relation of the Saginaw Prosecuting
   Attorney's office, pursuant to statute, brought an action in
   Saginaw Circuit Court to abate a public nuisance. It was
   alleged that nude dancing and entertainment at a certain
   movie theater constituted acts of lewdness within the meaning
   of the statute causing the theater to be a nuisance offensive to
   the public. Named as defendants were Bobenal Investments,
   Incorporated, owner of the theater, Trans Lux Inflight Cine Co.,
   lessee of the theater, and Cinema Blue of Saginaw, Inc., subles-
   see and operator of the theater. Trans Lux filed an appearance
   and a motion for summary judgment on the basis that plain-
   tiff's complaint failed to state a cause of action. The motion for
   summary judgment was denied by Joseph R. McDonald, J.
   Trans Lux sought leave to appeal to the Court of Appeals and
   an order to stay proceedings in the trial court. During the
   pendency of the application for leave to appeal to the Court of
   Appeals, plaintiff took a default on the basis that Trans Lux
   had not filed an answer within 20 days of being served with a
   summons and a copy of the complaint as required by the court
   rule governing actions to abate a public nuisance. The Court of
   Appeals denied Trans Lux's application for leave to appeal.
   Trans Lux's motion to set aside the default was denied by the
   trial court.

   Cinema Blue did not file an appearance or an answer to the
   complaint. A default was taken by plaintiff against Cinema
   Blue. The trial court entered an order permanently enjoining
   Cinema Blue from displaying or continuing the complained of
   activities; however, the trial court at that time deferred plain-

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur 2d, Nuisances §§ 6–8, 57, 106–112, 182.
[2] 58 Am Jur 2d, Nuisance § 133.
[3] 4 Am Jur 2d, Appeal and Review § 115.
[4] 58 Am Jur 2d, Nuisance §§ 6–8, 106–112.
   63 Am Jur 2d, Prostitution § 2.

tiff's request for padlocking the premises until a full hearing could be held. Cinema Blue moved to set aside the default, arguing that plaintiff's complaint failed to state a cause of action. That motion was denied. Cinema Blue's application for leave to appeal was denied by the Court of Appeals. The Supreme Court also denied Cinema Blue's emergency application for leave to appeal.

Following a full hearing before the trial court, a hearing at which the attorneys for Cinema Blue and Trans Lux were able to question witnesses, and the submission of briefs by all attorneys, the trial court entered an order enjoining all defendants from continuing the complained of activities and ordered the premises padlocked for a period of one year. Cinema Blue and Trans Lux appeal, and their separate appeals were consolidated on appeal. *Held:*

1. The court rule governing practice with respect to actions to abate public nuisances requires that, if the defendant fails to file his answer within the mandated time period, his default may be taken immediately. That rule further provides that all motions shall be annexed to the answer. The default was thus properly taken against Trans Lux since, unlike practice under the general provisions of the court rules under which a motion for summary judgment could be filed without filing an answer and the answer could thereafter be filed 20 days after the denial of the motion or after the denial of a timely application for leave to appeal from the denial of the motion, the failure to file the answer timely permits the taking of a default irrespective of the pendency of a motion before the trial court or an application for leave to appeal from the denial of any motion.

2. The entry of the defaults does not preclude Trans Lux and Cinema Blue from seeking on appeal review of the question of the legal sufficiency of the complaint brought by plaintiff.

3. The public nuisance abatement statute is directed at places of prostitution. The term lewdness as used in the statute is thus not interchangeable with the word obscene but rather, read in context, relates to acts in the furtherance of prostitution. Since the acts alleged by plaintiff herein did not involve prostitution or accosting and soliciting for the purpose of prostitution, plaintiff's complaint failed to state a cause of action under the abatement statute. The trial court accordingly erred in refusing to dismiss plaintiff's complaint.

Reversed.

1. NUISANCE — PUBLIC NUISANCE — MOTIONS — DEFAULT.

The answer to a complaint to abate a public nuisance must be

filed within 20 days after in-state service of the summons and copy of such complaint or 30 days after out-of-state service irrespective of whether a motion for summary judgment is filed by the defendant; if a defendant fails to serve an answer within the allotted time, a default may be immediately taken, the motion for summary judgment not affecting the running of the period in which the answer may be filed (GCR 1963, 782).

2. JUDGMENTS — DEFAULT.
The entry of a default does not operate as an admission that the complaint states a cause of action; if the complaint fails to state a cause of action, it will not support a judgment.

3. APPEAL — DEFAULT — PRESERVATION OF ISSUES.
The entry of a default does not preclude appellate review of the legal sufficiency of the complaint on which the default was had.

4. NUISANCE — PUBLIC NUISANCE — ABATEMENT — OBSCENITY.
The public nuisance abatement statute is directed at places of prostitution; therefore, actions to abate obscene motion pictures or obscene acts other than acts of prostitution may not be brought under that statute (MCL 600.3801; MSA 27A.3801).

*Robert L. Kaczmarek,* Prosecuting Attorney, and *Patrick M. Meter,* Chief Assistant Prosecuting Attorney, for plaintiff.

*Braun, Kendrick, Finkbeiner, Schafer & Murphy* (by *Kenneth W. Kable),* for Trans Lux Inflight Cine Co.

*Taylor & Rubin, P.C.,* and *Michael Y. Sandborn,* for Cinema Blue of Saginaw, Inc.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

DANHOF, C.J. This action to abate a nuisance, pursuant to MCL 600.3801; MSA 27A.3801, was commenced on December 6, 1979, by plaintiff Saginaw County Prosecutor's office against defendants

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Bobenal Investments, Inc., Trans Lux Inflight Cine Co., and Cinema Blue of Saginaw, Inc.[1]

Plaintiff's complaint alleged, *inter alia,* that a movie theater owned by Bobenal Investments, Inc., leased by Trans Lux Inflight Cine Co. (Trans Lux) and subleased by Cinema Blue of Saginaw, Inc. (Cinema Blue), was being used for the purpose of lewdness in that there was live nude male or female dancing and entertainment in which genitalia were exhibited in a patently offensive and lewd manner and in which ultimate sexual acts, normal or perverted, actual or simulated, were represented or described in a patently offensive and lewd manner. It was further alleged that the premises were used and occupied for the purpose of lewdness in that sexually explicit visual or verbal material harmful to minors was disseminated to a minor and that sexually explicit performances harmful to minors had been exhibited to a minor. Based upon the foregoing allegations, it was asserted that the building was a place where people resorted for the purpose of lewdness and that the premises, fixtures, furniture and contents had become a nuisance offensive to the public.

On January 30, 1980, a default judgment was entered against Cinema Blue for failure to file an appearance or an answer. At that time Cinema Blue was permanently enjoined from displaying or continuing the complained of activities. Plaintiff's request for padlocking of the premises was deferred until a full hearing could be held. Subsequently, Cinema Blue moved to set aside the default arguing, *inter alia,* that plaintiff's complaint failed to state a cause of action. This motion was denied. Cinema Blue made application for leave to appeal to this Court. On April 4, 1980, we denied

---

[1] Defendant Bobenal Investments, Inc., is not a party to this appeal.

leave. In an order dated May 23, 1980, the Supreme Court also denied Cinema Blue's emergency application for leave to appeal.

On January 16, 1980, Trans Lux filed an appearance along with a motion for summary judgment. This motion, pursuant to GCR 1963, 117.2(1), alleged that plaintiff's complaint failed to state a cause of action upon which relief could be granted. This motion for summary judgment was denied on March 13, 1980. Trans Lux subsequently made application for leave to appeal to this Court and also moved in the trial court for a stay of proceedings pending hearing on its application for leave to appeal. On April 3, 1980, plaintiff took a default as to Trans Lux on the basis that 20 days had elapsed since Trans Lux was served with the complaint. Trans Lux's motion to set aside the default was subsequently denied by the trial court. On April 8, 1980, this Court denied Trans Lux's application for leave to appeal.

On April 11, 1980, a hearing, without a jury, was held pursuant to GCR 1963, 782.3. The trial court allowed attorneys for Cinema Blue and Trans Lux to question witnesses and requested briefs from all counsel before issuing its opinion. On July 24, 1980, an order was entered enjoining all defendants from continuing the complained-of activities and padlocking the premises for a period of one year. Cinema Blue and Trans Lux appeal as of right.

The first issue we address is whether the trial court properly entered default judgment against Trans Lux.

As noted above, rather than answering plaintiff's complaint, Trans Lux moved for summary judgment, contesting the legal sufficiency of plaintiff's complaint. Trans Lux further filed an applica-

tion for leave to appeal the denial of its motion for summary judgment. While the application for leave to appeal was pending before this Court, default judgment was entered against Trans Lux on the basis that it had failed to file an answer to the complaint. Trans Lux argues that, pursuant to GCR 1963, 782 and GCR 1963, 108.3(1), its actions extended the time for filing an answer to within 20 days after this Court's denial of its application for leave to appeal. We disagree.

GCR 1963, 782, provides in pertinent part:

".1 Procedure To Abate Public Nuisance. Actions to abate public nuisances are governed by the general rules of procedure and evidence for non-jury actions, *except as provided in the statutes covering public nuisances, and in these special rules.*

\* \* \*

"3. Default; Hearing, Notice and Time, Motions of Defendant. *If any defendant fails to serve upon the plaintiff or his attorney an answer within the time provided, his default may be immediately taken.* Upon answer of any defendant or entry of his default, actions brought hereunder shall be heard upon 4 days' notice in writing of the day certain of such hearing and determination given and defendant answering to the plaintiff's complaint. Such hearing shall be immediately had notwithstanding any rules or practice of any circuit court. *Any and all motions brought by the defendant shall be annexed to and filed with his answer and be so served upon plaintiff or his attorney and shall be heard upon the day fixed in the written notice of the hearing of the cause.*" (Emphasis added.)

The obvious objective of the above-quoted language is to expedite a hearing on the merits in an action to abate a public nuisance. A defendant who was personally served with the summons and a copy of the complaint has 20 days after service

within the state, or 30 days after service outside the state, in which to file an answer. GCR 1963, 108.1(1), (2). If a defendant fails to serve an answer within the allotted time, his default may be immediately taken. GCR 1963, 782.3. Any and all motions brought by the defendant must be annexed to and filed with his answer. *Id.* This requirement indicates that under GCR 1963, 782 a defendant may not postpone the time for his answer by filing preliminary motions. See 5 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 529. Trans Lux's reliance on GCR 1963, 108.3 is misplaced, since that rule is superseded by the special rules provided in GCR 1963, 782.

The second issue we address is whether the entries of default against Trans Lux and Cinema Blue preclude appellate review of the legal sufficiency of the complaint.

The entry of a default does not operate as an admission that the complaint states a cause of action. If the complaint fails to state a cause of action, it will not support a judgment.[2] *Hofweber v Detroit Trust Co,* 295 Mich 96; 294 NW 108 (1940).

The next issue we address is whether the trial court erred in holding that plaintiff's complaint states a cause of action under the public nuisance abatement statute, MCL 600.3801; MSA 27A.3801.

MCL 600.3801 provides:

---

[2] In a similar vein, we reject plaintiff's contention that, because this Court and the Supreme Court denied Trans Lux's and Cinema Blue's interlocutory applications for leave to appeal, appellate review of the issues now raised is foreclosed under the doctrine of res judicata. While the more correct terminology to use would be "law of the case" rather than res judicata, the principle does not apply here. See *Allen v Michigan Bell Telephone Co,* 61 Mich App 62; 232 NW2d 302 (1975). By denying the interlocutory applications for leave to appeal neither this Court, nor the Supreme Court, ruled on the merits of the challenges to the legal sufficiency of plaintiff's complaint. Therefore, no rule of law which must be applied in this subsequent appeal as of right was applied in those decisions on whether to grant leave to appeal.

"Any building, vehicle, boat, aircraft or place used for the purpose of lewdness, assignation or prostitution or gambling, or used by, or kept for the use of prostitutes or other disorderly persons, or used for the unlawful manufacture, storing, possessing, transporting, sale, keeping for sale, giving away, bartering, furnishing or otherwise disposing of any narcotic and/or hypnotic drug as defined by law or of any vinous, malt, brewed, fermented, spirituous or intoxicating liquors or any mixed liquors or beverages, any part of which is intoxicating, is hereby declared a nuisance and the furniture, fixtures and contents of any such building, vehicle, boat, aircraft, or place and all such intoxicating liquors therein are also declared a nuisance, and all such narcotic and/or hypnotic drugs and nuisances shall be enjoined and abated as hereinafter provided, and as provided in the court rules. Any person, or his servant, agent or employe who shall own, lease, conduct or maintain any building, vehicle or place used for any of the purposes or by any of the persons above set forth or where any of the acts above enumerated are conducted, permitted or carried on, is guilty of a nuisance."

In *State ex rel Wayne County Prosecutor v Diversified Theatrical Corp,* 396 Mich 244, 246; 240 NW2d 460 (1976), the Supreme Court examined the legislative history, purpose and intent of the abatement statute, and concluded that it applied "to houses of prostitution and not motion picture theaters where sexual acts are not committed but are portrayed on the screen". In reaching this conclusion, the *Diversified* Court stated:

"We are in accord with decisions applying these abatement statutes only to houses of prostitution. The meaning of the words 'lewdness, assignation or prostitution' is clear in light of the history and purpose of these statutes and that meaning cannot properly be expanded by judicial construction." (Footnotes omitted.) *Id.,* 250.

Clearly, under the holding in *Diversified,* plan-

tiff's complaint fails to state a cause of action since it does not allege that the premises involved herein were being used for the purpose of prostitution. See *State ex rel Ingham County Prosecutor v American Amusement Co, Inc,* 71 Mich App 130; 246 NW2d 684 (1976).

Three years after its decision in *Diversified,* the Supreme Court again addressed the scope of the abatement statute in *State ex rel Wayne County Prosecuting Attorney v Levenburg,* 406 Mich 455; 280 NW2d 810 (1979). *Levenburg* held that proof that numerous instances of accosting and soliciting for purposes of prostitution occurred at a certain place is sufficient to sustain a finding that such a place constitutes a public nuisance subject to abatement. In reaching this conclusion the majority in *Levenburg* viewed *Diversified* as standing solely for the proposition that motion picture theaters may not be enjoined from showing obscene films under the abatement statute. *Levenburg, supra,* 462.

In the instant case, the trial court read *Levenburg* for the proposition that it must construe the meaning of the term "lewdness" as used in MCL 600.3801. The trial court concluded that the term "lewdness" is synonymous, and interchangeable, with the term "obscene". Therefore, the trial court reasoned, the term lewdness as used in MCL 600.3801 is defined by the terms of the obscenity test enunciated in *Miller v California,* 413 US 15; 93 S Ct 2607; 37 L Ed 2d 419 (1973). Applying the *Miller* test to the instant case, the trial court found that the conduct which occurred in the subject premises was lewd *(i.e.,* obscene) and therefore subject to abatement.

What the trial court did in the instant case is a virtual repetition of the trial court's actions in

*Diversified.*[3] As in *Diversified,* the trial court in the instant case took the term "lewdness" as used in MCL 600.3801 out of context and gave it a definition which would include activities not necessarily related to prostitution. This was error.

We do not read *Levenburg* as having disturbed *Diversified's* conclusion that MCL 600.3801 was intended to abate prostitution. By reading *Diversified* as meaning that MCL 600.3801 could not be used to abate the showing of obscene films, which apparently had no connection with prostitution, *Levenburg* reaffirmed the premise that MCL 600.3801 was intended to abate prostitution and not abate other activities not specified in the statute. *Levenburg* simply expanded the scope of MCL 600.3801 to include not only the place where prostitution occurs but also the place where solicitation for prostitution occurs. In doing so, *Levenburg* implicitly acknowledged that the activity sought to be prevented by MCL 600.3801 was prostitution. This can be seen from the following passage in which the *Levenburg* majority explains its rationale for limiting the term assignation to the making of an appointment for the purpose of prostitution:

"[W]e find that the term assignation as used in the abatement act encompasses instances of accosting and soliciting for purposes of prostitution because such instances involve the making of an appointment for the purpose of prostitution. We find that limiting this definition to the making of an appointment *for the purpose of prostitution* is consistent with the apparent legislative intent to eliminate the use of property in connection with prostitution; avoids prohibiting innocent conduct which is of the nature of assignation; and is

---

[3] See 59 Mich App 223; 229 NW2d 389 (1975).

consistent with the rule of *noscitur a sociis.*" (Footnotes omitted; emphasis in original.) *Levenburg, supra,* 466.

Applying *Diversified* and *Levenburg* to the instant case, we find that since plaintiff's complaint did not allege prostitution or accosting and soliciting for the purpose of prostitution it fails to state a cause of action upon which relief may be granted under MCL 600.3801. The decision of the trial court is reversed. Because of our decision on this issue, it is not necessary for us to address the remaining issues raised on appeal.

Reversed. No costs, interpretation of a statute being involved.