*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ISAM ZAITONA,

       Plaintiff-Appellee,

v

ARCH MORTGAGE ASSURANCE COMPANY,

       Defendant-Appellant.

UNPUBLISHED
November 19, 2024
11:58 AM

No. 366647
Macomb Circuit Court
LC No. 2022-004437-CH

Before: FEENEY, P.J., and O'BRIEN and WALLACE, JJ.

PER CURIAM.

Defendant appeals by delayed leave granted[1] the trial court's order entering a default judgment against defendant in favor of plaintiff. The default judgment quieted title to property at 4657 Carriander (the property) in plaintiff's favor and extinguished defendant's mortgage on the property. Plaintiff's complaint requested this relief because defendant supposedly could no longer enforce its mortgage on the property because the statute of limitations applicable to defendant's foreclosure action against the property had expired. In its motion to set aside the default judgment, defendant argued that (1) plaintiff's failure to serve defendant with notice of the default entry established good cause to set aside the default judgment and (2) defendant had a meritorious defense to plaintiff's complaint because the statute of limitations applicable to defendant's foreclosure action had not expired. Both of defendant's arguments have merit, and the trial court should have granted defendant's properly filed motion to set aside the default judgment. We accordingly remand for the trial court to enter an order setting aside the default judgment against defendant, and for further proceedings consistent with this opinion.

## I. BACKGROUND

Plaintiff purchased the property in December 2001 with a mortgage. On September 11, 2007, plaintiff took out a second mortgage on the property through National City Bank. After

---

[1] *Zaitona v Arch Mortgage Assurance Company*, unpublished order of the Court of Appeals, entered November 29, 2023 (Docket No. 366647).

-1-

plaintiff failed to make payments on the second mortgage, he received a letter dated June 24, 2009, informing him that his account was past due. The letter did not state when the last payment was made. At some point, plaintiff filed for bankruptcy, and an order of discharge was entered on October 26, 2017. The order relieved plaintiff of personal liability for the second mortgage, but stated that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated." On June 14, 2021, plaintiff's second mortgage was assigned to defendant.

On November 22, 2022, plaintiff filed the complaint giving rise to this action. According to the complaint, plaintiff last made a payment on the at-issue mortgage "prior to June 24, 2009," and because neither defendant nor its predecessors in interest had taken action since that time, the 10-year statute of limitation in MCL 600.5807(5) applicable to actions "founded on a covenant in a deed or mortgage of real estate" had expired.[2] This meant, according to plaintiff, that defendant could no longer maintain a cause of action to foreclose on its mortgage, so plaintiff was entitled to "a declaration quieting title in favor of Plaintiff" and an order requiring defendant to release its mortgage on the property.

By January 19, 2023, defendant had not responded to plaintiff's complaint. So, on that day, plaintiff (1) filed a request for a default against defendant and (2) moved for entry of a default judgment. In plaintiff's motion for entry of a default judgment, he explained that, "contemporaneous with this Motion, Plaintiff filed a Default Request with the clerk." In support of this, he cited to his request for a default entry against defendant. That request was filed with and granted by the court on the same day that plaintiff filed his motion for entry of a default judgment, but plaintiff attached to his motion for entry of a default judgment only his *request* for entry of a default—he did not attach the actual default entered by the trial court against defendant, presumably because a default against defendant had not yet been entered when plaintiff filed his motion.

Regardless, in his motion to enter a default judgment against defendant, plaintiff repeated the pertinent allegations from his complaint, and he alleged that defendant was served with the complaint on December 20, 2022, and failed to respond within 28 days following service as required by MCR 2.108(A)(2). Plaintiff contended that "[b]ased on the undisputed facts and Defendant's failure to respond to the Complaint," plaintiff was entitled to a default judgment quieting title to the property and extinguishing defendant's mortgage because any claim defendant may have had based on the mortgage was barred by MCL 600.5807(5).

On February 1, 2023, defendant's counsel filed an appearance and two motions—(1) a response to plaintiff's motion for entry of a default judgment and (2) a motion for summary disposition. In response to plaintiff's motion for entry of a default judgment, defendant claimed that plaintiff's motion was premature because no default had been entered against it. Specifically, in response to plaintiff's allegation in his motion that, "contemporaneous with this Motion, Plaintiff filed a Default Request with the clerk," defendant asserted "that Plaintiff prematurely filed this Motion [seeking entry of a default judgment] considering the court clerk had not entered

---

[2] Plaintiff's complaint also stated that the six-year statute of limitation in MCL 600.5807(9) applied to defendant's foreclosure action, but he abandoned that argument in the trial court and on appeal.

a default as to Defendant at the time Plaintiff filed this motion." Defendant additionally asserted that plaintiff's motion was premised on an erroneous legal conclusion—that defendant's mortgage was no longer enforceable. According to defendant, the statute of limitations applicable to defendant's claim against the property had not expired. Defendant additionally stated that it was relying on and incorporating its motion for summary disposition into its response.

In that motion, defendant requested that the trial court enter an order granting summary disposition to defendant under MCR 2.116(C)(8) because, according to defendant, plaintiff's complaint failed to state a claim on which relief could be granted. Defendant argued that plaintiff's argument was based on a flawed premise because MCL 600.5807(5) did not apply to defendant's potential foreclosure action. According to defendant, "The statute of limitations for a recorded mortgage is fifteen (15) years from when the mortgage becomes due or the last payment was made and if no action or proceeding has been commenced to foreclose the property." Defendant cited MCL 600.3175 and MCL 600.5803 in support of its argument.

The trial court held a hearing on plaintiff's motion for entry of a default judgment on February 27, 2023. At the hearing, defense counsel represented that defendant had never been served notice that a default had been entered, nor was she aware that a default had been entered, which was why defendant had not filed a motion to set aside the default. Defendant said that, if a default had been entered, counsel was orally moving to set aside the default because (1) defendant was not aware of the default, (2) the delay in responding to plaintiff's complaint was unintentional, and (3) defendant's motion for summary disposition posited a meritorious defense to plaintiff's complaint. The trial court said that a default had indeed been entered against defendant but the court would not entertain defendant's oral motion to set it aside. The court opted instead to adjourn for "a couple weeks" to allow defendant the opportunity to move to set aside the default.

The following day, February 28, 2023, defendant moved to set aside the default. Defendant generally argued that the default should be set aside under MCR 2.603(D)(1) or MCR 2.612(C)(1)(a) and (f) because defendant's failure to timely respond to plaintiff's complaint was unintentional. Defendant explained that plaintiff's complaint was served during the holiday season and got lost in the shuffle of that busy time. Defendant also reiterated that it had a meritorious defense—plaintiff was, according to defendant, relying on the wrong statute of limitations, and the statute of limitations applicable to defendant's foreclosure action against the property had not yet expired. Defendant attached to this motion an affidavit from a "senior legal action specialist," who generally averred that the facts stated in the motion were true.

On April 24, 2023, plaintiff responded to this motion, arguing that various assertions in the affidavit that defendant attached to its motion were inadmissible and thus could not be considered by the trial court to support defendant's motion. Alternatively, plaintiff argued that, accepting everything asserted in the affidavit as true, it still did not establish entitlement to relief from judgment under MCR 2.612(C)(1)(a) or (f) because plaintiff served defendant and filed for entry of a default after defendant failed to timely respond, and the default was properly entered. Plaintiff further argued that there was no basis to set aside the default under MCR 2.603(D)(1). Plaintiff contended that defendant had not established good cause under the court rule because defendant did not provide a reasonable excuse for its failure to timely respond to plaintiff's complaint. As for whether defendant raised a meritorious defense, plaintiff argued that defendant's ability to foreclose on the property "arises solely out of the mortgage contract, meaning that the 10-year

statute of limitations [in MCL 600.5807(5)] applies." Plaintiff concluded that, because he had not made a payment on the mortgage since at least 2009, the statute of limitations had expired, and any attempt by defendant to foreclose on the property was time-barred.

On May 1, 2023, the trial court held a hearing to address defendant's motion to set aside the default, defendant's motion for summary disposition, and plaintiff's motion for entry of a default judgment. The trial court asked the parties to first address defendant's motion to set aside the default, and the parties argued consistent with their briefs. After listening to the parties' arguments, the court denied defendant's motion. The trial court reasoned that "[s]ervice in this case was clear" and "[t]here was no affidavit of facts showing a meritorious defense." The court explained that defendant was merely claiming that it did not timely answer the complaint because the complaint was served on defendant during the holiday season, which was insufficient. In light of its decision to not set aside the default, the trial court refused to rule on defendant's motion for summary disposition, and granted plaintiff's motion for entry of a default judgment. Following the hearing, the trial court entered a default judgment quieting title to the property in favor of plaintiff and extinguishing defendant's mortgage on the property.

On May 22, 2023, defendant moved to set aside the default judgment on the same grounds that it moved to set aside the default—MCR 2.603(D)(1) and MCR 2.612(C)(1)(a) and (f). In its motion, defendant alleged, for the first time, that plaintiff failed to notify defendant of the default entered against it, which violated MCR 2.603(A)(2) and amounted to a substantial defect in the proceedings, constituting good cause to set aside the default judgment under MCR 2.603(D)(1). Defendant then reiterated its argument that it had a meritorious defense because "[p]laintiff's cause of action has no legal basis" as it was based on the wrong statute of limitations. Defendant's argument that the default judgment should be set aside under MCR 2.612(C)(1)(a) and (f) was largely duplicative of the argument it made in its motion to set aside the default with one exception. In this motion, defendant additionally argued that equitable principles supported setting aside the default judgment because "[p]laintiff does not have clean hands" given that he "failed to comply with MCR 2.603(A)(2) by failing to serve the Notice of Default." Defendant attached to this motion a more detailed affidavit from the same "senior legal action specialist" who signed the first affidavit. The affidavit largely reiterated the facts that are not in dispute (namely, the facts alleged in plaintiff's complaint), but included additional legal conclusions such as why defendant had established good cause and had a meritorious defense.

On June 9, 2023, plaintiff filed a response to defendant's motion to set aside the default judgment. In response to defendant's argument that there was a substantial defect in the proceeding because plaintiff never served defendant with notice of the entry of default, plaintiff argued that he served defendant with such notice when he served defendant with the motion for entry of a default judgment. Plaintiff also argued that, after defendant's counsel stated that she was unaware of the default at the February 27, 2023 hearing, the court adjourned the hearing to allow defendant to move to set aside the default, which "erased any alleged prejudice to Defendant who, both then and now, claims that it was unaware of the Default entry." Plaintiff then reiterated its arguments that (1) defendant did not have a meritorious defense because plaintiff's complaint correctly alleged that any claim defendant had against the property was barred by the 10-year statute of limitations in MCL 600.5807(5) and (2) the affidavit that defendant attached to its complaint was improper.

-4-

The trial court held a hearing on defendant's motion on June 12, 2023. The trial court began the hearing by explaining that it believed this matter was closed and it was unsure "on what basis" defendant was bringing its motion to set aside the default judgment, explaining that the court thought that "the appropriate procedural mechanism is a motion for reconsideration or an appeal." Defendant responded that it was bringing a timely motion to set aside the default judgment. The court then asked if it had already denied defendant's "motion to set aside a default," and defendant confirmed that the court had but reiterated that it was asking the court to set aside the default judgment and was "making different arguments." Defendant contended that "there's nothing to preclude" it from moving to set aside the default judgment. In response, the court reiterated its belief that defendant could only move for reconsideration or file an appeal, and it said that it was "not going to just consider different arguments that weren't presented the first time around when I made my ruling." Accordingly, the court refused to rule on defendant's motion because the court did not believe it was "properly before the court in this procedural basis." Defendant asked the court to rule on the motion to preserve defendant's timeframe for filing an appeal, pointing out that it filed the motion to set aside the default judgment in the appropriate timeframe. The court told defendant that it was "not going to deny a motion that's not properly before the court, so the Court is not making a ruling on your motion, your second motion to set aside a default judgment."

Defendant filed a delayed application for leave to appeal on June 27, 2023, which this Court granted. This case is now before this Court on appeal.

## II. PRESERVATION AND STANDARD OF REVIEW

While neither party disputes that defendant's appellate arguments are preserved, we note that defendant first raised its argument that it did not receive notice of the default in violation of MCR 2.603(A)(2) in its motion to set aside the default judgment, and the trial court refused to rule on that motion, reasoning that it was not properly before the court. We clarify that defendant's motion to set aside the default judgment was, contrary to the trial court's reasoning, properly before that court. MCR 2.603(D) governs motions to both set aside a default and to set aside a default judgment. Filing a motion to set aside a default does not preclude a party from later moving to set aside a subsequently-entered default judgment so long as the requirements in MCR 2.603(D) are satisfied. See, e.g., MCR 2.603(D)(2)(b) (requiring a motion to set aside a default judgment be filed "within 21 days after the default judgment was entered"). Having satisfied the requirements in MCR 2.603(D), defendant's motion to set aside the default judgment was properly before the trial court. This is important for our purposes because it means that the arguments that defendant raised in its motion to set aside the default judgment were properly raised in the trial court and are therefore preserved on appeal. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 227; 964 NW2d 809 (2020). We construe the trial court's refusal to rule on defendant's motion as a denial of the relief requested by the motion.

A trial court's denial of a party's motion to set aside a default judgment is reviewed for an abuse of discretion. *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). A court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Id.*

## III. ANALYSIS

MCR 2.603(D) governs motions to set aside defaults and default judgments. MCR 2.603(D)(1) provides, "A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed." In other words, the party requesting to set aside a default or a default judgment must demonstrate both good cause and a meritorious defense. *Saffian*, 477 Mich at 14.

### A. GOOD CAUSE

As this Court explained in *Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008):

> "Good cause" can be shown by: (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand. [Quotation marks and citation omitted. See also *Bigelow v Walraven*, 392 Mich 566, 577 n 15; 221 NW2d 328 (1974).]

Defendant argues that plaintiff failed to provide defendant with notice of entry of the default in violation of MCR 2.603(A)(2), and that this violation amounted to a substantial defect or irregularity in the proceedings that resulted in default. MCR 2.603(A)(2) provides:

> Notice that the default has been entered must be sent to all parties who have appeared and to the defaulted party. If the defaulted party has not appeared, the notice to the defaulted party may be served by personal service, by ordinary first-class mail at his or her last known address or the place of service, or as otherwise directed by the court.

> The notice must be sent by the party who sought entry of the default. Proof of service and a copy of the notice must be filed with the court.

"Failure to notify a party of an entry of default constitutes a violation of MCR 2.603(A)(2) and is sufficient to show a substantial defect in the proceedings meriting a finding of good cause pursuant to MCR 2.603(D)." *Bradley v Fulgham*, 200 Mich App 156, 158-159; 503 NW2d 714 (1993).

Defendant is correct that plaintiff failed to notify defendant of the entry of the default against it in violation of MCR 2.603(A)(2). Consistent with *Bradley*, this violation of MCR 2.603(A)(2) constitutes a substantial defect in the proceedings meriting a finding of good cause under MCR 2.603(D)(1).

Plaintiff makes three arguments in an attempt to avoid this result. First, plaintiff argues that he did in fact serve defendant with notice of the entry of the default. In support of this argument, plaintiff cites to the proof of service showing that he served defendant with his motion for entry of a default judgment. That motion, however, did not notify defendant of the entry of the

default—the motion itself suggested that a default had *not* been entered against defendant, at least not at the time the motion was filed. The motion stated that, "contemporaneous with this Motion, Plaintiff filed a Default Request with the clerk." This was supported by plaintiff's *request* for a default that he attached to this motion. That request was not signed by the court clerk and did not otherwise show that a default had been entered against defendant. At best, plaintiff's motion to enter a default judgment notified defendant that plaintiff had requested entry of a default against defendant. This was not sufficient under the plain language of MCR 2.603(A)(2), which requires "[n]otice that the default has been entered."

Second, plaintiff argues that, because the trial court adjourned the February 27, 2023 hearing after defendant said that it had not received notice of the default entry, "any alleged prejudice" was "erased." Plaintiff fails to cite any authority to support that a party must demonstrate prejudice to make a showing of good cause under MCR 2.603(D)(1), thereby abandoning the argument. See *Johnson v Johnson*, 329 Mich App 110, 126; 940 NW2d 807 (2019) (explaining that an argument is deemed abandoned when "a party fails to cite any supporting legal authority for its position") (quotation marks and citation omitted).

Third, plaintiff argues that this case is factually different from *Bradley*. While true, the rule announced in *Bradley* was not dependent on the facts of that case. This Court said, without qualification, that "[f]ailure to notify a party of an entry of default constitutes a violation of MCR 2.603(A)(2) and is sufficient to show a substantial defect in the proceedings meriting a finding of good cause pursuant to MCR 2.603(D)." *Bradley*, 200 Mich App at 158-159.

Still, defendant is not blameless. Defendant was informed about the default at the February 27, 2023 hearing, but unfortunately did not recognize plaintiff's violation of MCR 2.603(A)(2) until three months later when defendant moved to set aside the default judgment. This was *after* defendant moved to set aside the default, and *after* plaintiff was forced to spend time and money (and the trial court was forced to spend time and judicial resources) addressing that motion.

The remedy for this, however, is not to deprive defendant of the opportunity to litigate this case but to tax defendant for plaintiff's costs and possibly attorney fees. MCR 2.604(D)(4) states:

> An order setting aside the default or default judgment must be conditioned on the defaulted party paying the taxable costs incurred by the other party in reliance on the default or default judgment, except as prescribed in MCR 2.625(D). The order may also impose other conditions the court deems proper, including a reasonable attorney fee.

Plaintiff requested costs and attorney fees when opposing defendant's motions to set aside the default and the default judgment. The trial court is instructed to address plaintiff's request for costs and attorney fees under MCR 2.604(D)(4) on remand.

In light of our conclusion that defendant established good cause because plaintiff's violation of MCR 2.603(A)(2) constituted a substantial defect in the proceedings upon which the default judgment was based, we decline to address defendant's argument that it established good cause because it demonstrated that manifest injustice would result if the default judgment was allowed to stand.

## B. MERITORIOUS DEFENSE

As stated above, "A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and *a statement of facts* showing a meritorious defense, *verified in the manner prescribed by MCR 1.109(D)(3)*, is filed." MCR 2.603(D)(1) (emphasis added). To satisfy MCR 2.603(D)(1)'s statement-of-facts requirement, defendant attached an affidavit to its motion to set aside the default judgment in which the affiant confirmed that the salient allegations in plaintiff's complaint were true.

Plaintiff on appeal takes issue with many of the assertions in this affidavit for various reasons, but he does not appear to object to the facts in the affidavit on which defendant principally relies for its meritorious-defense argument. Nor would it make sense for plaintiff to do so. Defendant's meritorious-defense argument is based on the same facts that plaintiff alleged in his complaint, and the trial court relied on those facts to enter the default judgment against defendant. Defendant argues that, accepting all of the allegations in plaintiff's complaint as true, plaintiff is not entitled to an order quieting title to the property in his favor because defendant is not time-barred from foreclosing on the property to enforce its mortgage.

This Court addressed a similar situation in *Hunley v Phillips*, 164 Mich App 517; 417 NW2d 485 (1987). There, the plaintiff argued that the defendant's affidavit was improper because it did "not state facts based on personal knowledge but merely state[d]" legal conclusions. This Court held that this was not fatal because "no additional facts [were] necessary to assert the [defendant's] meritorious defense," so the affidavit asserting legal conclusions "was a sufficient showing of a meritorious defense to satisfy the affidavit requirement of MCR 2.603(D)(1)." *Id*. at 523. We conclude similarly here—no additional facts were necessary for defendant to assert its meritorious defense, so the affidavit defendant attached to its complaint confirming the salient facts alleged in plaintiff's complaint was sufficient to satisfy the verified-statement-of-facts requirement in MCR 2.603(D)(1). The only remaining question is whether defendant has actually asserted a meritorious defense.

In plaintiff's complaint, he requested that the trial court quiet title to the property in his favor and extinguish defendant's mortgage on the property because defendant could no longer initiate foreclosure proceedings on the property as the statute of limitations for such an action had expired. Plaintiff's complaint did not allege exactly when plaintiff last made a payment on his mortgage, but based on a June 24, 2009 letter informing plaintiff that his account was "past due," the complaint alleged that it had "been over thirteen (13) years since Plaintiff" had made a payment on his mortgage. The complaint asserted that the statute of limitations applicable to defendant's foreclosure claim was the 10-year statute of limitations in MCL 600.5807(5).[3] MCL 600.5807(5)

---

[3] Plaintiff's complaint also asserted that the six-year statute of limitations in MCL 600.5807(9) applied to any claim held by defendant against the property, but plaintiff abandoned that argument in the trial court and on appeal.

states, "The period of limitations is 10 years for an action founded on a covenant in a deed or mortgage of real estate."

According to defendant, MCL 600.5807(5) is the wrong statute of limitations for foreclosure actions, and the statute of limitations applicable to such actions is the one in either MCL 600.3175 or MCL 600.5803. MCL 600.3175(1) provides:

> When a recorded mortgage on real property, land contract, or tax lien (except tax liens held by the state or any political subdivision of the state) on lands or property has been paid or satisfied or when 15 years have elapsed since the debt or lien secured by the mortgage, land contract, or tax lien became due and payable or since the last payment made upon it, and no civil action or proceedings have been commenced to collect the same and in case of tax deeds when no service of notice to interested persons (of any kind) has been filed with the county clerk, the owner of the land or property may institute an action in the circuit courts to discharge the mortgage, land contract or tax lien.

This statute does not apply to any claim held by defendant because it governs when "the owner of the land or property may institute an action in the circuit courts to discharge the mortgage, land contract, or tax lien." See also *Degen v Degen's Estate*, 80 Mich App 573, 580; 264 NW2d 64 (1978) ("It was the clear intent of the Legislature, by the discharge statute, to provide a means whereby an owner of encumbered property after the limitation period for the foreclosure of the mortgage had run could formally remove the encumbrance and clear the title.").

The other statute on which defendant relies, MCL 600.5803, provides:

> No person shall bring or maintain any action or proceeding to foreclose a mortgage on real estate unless he commences the action or proceeding within 15 years after the mortgage becomes due or within 15 years after the last payment was made on the mortgage. This section limits foreclosure by advertisement and any other entries under the mortgage as well as actions of foreclosure in the courts.

This statute clearly applies to an action "to foreclose a mortgage on real estate" and would thus apply if defendant sought to foreclose its mortgage on the property. MCL 600.5807(5), on the other hand, would only apply if defendant sought to enforce a covenant in the mortgage. "The remedy for breach of a covenant is damages or an injunction," not foreclosure. *Cramer v Metro Sav & L Ass'n*, 401 Mich 252, 261; 258 NW2d 20 (1977). Defendant is therefore correct—the statute of limitations applicable to defendant's claim to foreclose its mortgage on the property is MCL 600.5803, not MCL 600.5807(5).

Applying the correct statute of limitations, defendant clearly has a meritorious defense. In *Hiscock v Hiscock*, 257 Mich 16, 24; 240 NW 50 (1932), our Supreme Court addressed the predecessor to MCL 600.5803[4] and held, "The mortgage statute provides two periods of

---

[4] The statute at issue in *Hiscock* stated:

limitations, but in the alternative and not running concurrently, the latest in point of time to govern." In *Degen*, 80 Mich App at 581, this Court addressed the same issue as *Hiscock* but in the context of MCL 600.5803 and held that *Hiscock* "directly rule[d] on this issue," so "the latest period of time to run is the proper one to apply" under MCL 600.5803, "i.e., the correct time to commence to run is from the due date provided in the mortgage." The mortgage at issue here does not become due until September 2037, so the statute of limitations for defendant's possible foreclosure action has not even started to run.

Plaintiff argues that MCL 600.5807(5) applies to this action—to the exclusion of MCL 600.5803—because he is no longer personally liable for the mortgage in light of his bankruptcy discharge and foreclosure by advertisement must, according to plaintiff, "be provided for in a mortgage contract." Plaintiff's argument is meritless.

Plaintiff's discharge in bankruptcy extinguished only his personal liability on the underlying debt; it did not extinguish defendant's lien on the property.[5] See *Johnson v Home State Bank*, 501 US 78, 84; 111 S Ct 2150; 115 L Ed 2d 66 (1991); *Farrey v Sanderfoot*, 500 US 291, 297; 111 S Ct 1825; 114 L Ed 2d 337 (1991). Plaintiff argues that whether defendant's mortgage on the property survived plaintiff's bankruptcy discharge is irrelevant because foreclosure by advertisement must be provided for in the mortgage contract, and his bankruptcy discharge relieved him of all personal liability under the contract. See MCL 600.3201 (stating that a mortgage can only be foreclosed by advertisement if the mortgage "contains a power of sale"); *Natl Airport Corp v Wayne Bank*, 73 Mich App 572, 576; 252 NW2d 519 (1977) ("The statute requires that foreclosure by advertisement must be provided for in the mortgage."); *Bradway v Miller*, 200 Mich 648, 656; 167 NW 15 (1918) ("A foreclosure of a mortgage by advertisement is valid only where the mortgage contains a power of sale[.]"). Contrary to plaintiff's argument, defendant's ability to proceed with foreclosure by advertisement has nothing to do with plaintiff's personal liability under the mortgage contract; so long as the mortgage "contains a power of sale" and the other necessary conditions are met, defendant can proceed with foreclosure by advertisement. MCL 600.3201. Regardless, plaintiff's argument that defendant could not proceed with a foreclosure by advertisement, even if correct, would not warrant relief because defendant could still proceed with a judicial foreclosure. See MCL 600.3101 *et seq*.

In short, defendant is correct that the applicable statute of limitations here is found in MCL 600.5803, not MCL 600.5807(5). Defendant has accordingly shown a meritorious defense.

---

No suit or proceeding shall be maintained to foreclose a mortgage on real estate, either at law or in equity, unless commenced within fifteen (15) years from and after such mortgage shall become due and payable, or within fifteen (15) years after the last payment was made on said mortgage. [CL 1929 § 13975. See also *Hiscock*, 257 Mich at 20.]

[5] The discharge order stated that "a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated." Defendant's mortgage on the property has been neither avoided nor eliminated.

As one final note, we question whether the default judgment in this case would be allowed to stand even if defendant had not established good cause and a meritorious defense. "Entry of a default judgment is equivalent to an admission of every well-pleaded matter in the complaint," *Epps v 4 Quarters Restoration LLC*, 498 Mich 518, 554; 872 NW2d 412 (2015), but it "does not operate as an admission that the complaint states a cause of action," *State ex rel Saginaw Prosecuting Attorney v Bobenal Investments, Inc*, 111 Mich App 16, 22; 314 NW2d 512 (1981). If the complaint does not state a cause of action, then it cannot support a default judgment. *Hofweber v Detroit Trust Co*, 295 Mich 96, 100; 294 NW 108 (1940). See also *Bobenal Investments, Inc*, 111 Mich App at 22. For the reasons explained above, plaintiff's complaint identifies the wrong statute of limitations applicable to defendant's foreclosure action, and the statute of limitations applicable to defendant's claim has not even started to run. If defendant's foreclosure action is not time-barred (meaning that defendant retains the ability to foreclose on its mortgage), then plaintiff's complaint failed to state a claim for quiet title and, consequently, could not support the default judgment that was entered. See *Hofweber*, 295 Mich at 100; *Bobenal Investments, Inc*, 111 Mich App at 22.

## IV.  CONCLUSION

The trial court abused its discretion by refusing to set aside the default judgment against defendant. Defendant established good cause to set aside the default judgment by identifying a substantial defect in the proceedings that resulted in the default judgment—plaintiff's failure to notify defendant of the default entered against it in violation of MCR 2.603(A)(2). Defendant also has a meritorious defense—plaintiff's complaint identifies MCL 600.5807(5) as the statute of limitations applicable to defendant's potential foreclosure action, but the correct statute of limitations is found in MCL 600.5803. Defendant has therefore satisfied all of the requirements in MCR 2.603(D)(1) to set aside the default judgment, and the trial court abused its discretion by not granting defendant its requested relief. On remand, the trial court is instructed to enter an order setting aside the default judgment against defendant. Consistent with MCR 2.604(D)(4), the trial court must condition that order on defendant "paying the taxable costs incurred by" plaintiff "except as prescribed in MCR 2.625(D)," and should address plaintiff's request for attorney fees. Further consistent with MCR 2.604(D)(4), the trial court's order setting aside the default "may also impose other conditions the court deems proper[.]"

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Kathleen A. Feeney
/s/ Colleen A. O'Brien
/s/ Randy J. Wallace

-11-